**Don STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–149–CR.**

Court of Appeals of Texas, Austin.

Jan. 8, 1992.

Discretionary Review Refused April 15, 1992.

Kevin M. Wilson, Austin, for appellant.

Ronald Earle, Dist. Atty., Carl Bryan Case, Jr., Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and SMITH, JJ.

PER CURIAM.

Appellant was convicted of forgery by possession, and punishment, enhanced by prior felony convictions, was assessed at imprisonment for ten years. Tex.Penal Code Ann. § 32.21(b) (1989). In two points of error, the appellant claims that the trial court erred in rendering judgment against him because: (1) the evidence is insufficient as a matter of law to establish that appellant knew the check was forged; and

(2) the jury's verdict was against the great weight and preponderance of the evidence because the proof was insufficient to establish that appellant knew the check was forged. We will affirm the judgment of conviction.

Appellant was charged with the offense of possession of a forged document with intent to pass that document.[1] Appellant was arrested when he attempted to cash a check for $584.34 drawn on the payroll account of the Davis Brothers Construction Company. The check's drawer was Mark Brown, an unidentified and perhaps fictitious person, who was not authorized to sign checks for the construction company. Appellant presented the check at the Money Box, a commercial check-cashing establishment in Austin, and used a Department of Public Safety identification card in the name of Reginald Frank Sedberry. The Money Box clerk, aware that checks belonging to the construction company had been stolen, photographed appellant and called the police. At trial appellant testified and denied presenting both the forged check and the Sedberry identification, claiming instead that a person ahead of him left the check and identification at the counter. The jury chose not to believe appellant's account.

In his first point of error appellant alleges that the evidence is insufficient as a matter of law to establish that he knew the check was forged. Specifically, appellant asserts that the State failed to prove that he knew that Mark Brown did not lawfully authorize the check. We disagree.

Appellant's knowledge that the check was forged may be proved by circumstantial evidence. *Williams v. State,* 688 S.W.2d 486, 488 (Tex.Crim.App.1985);

---

1. The Penal Code defines forgery as:
   (a) For the purposes of this section:
   (1) "Forge" means:
   (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
   (i) to be the act of another who did not authorize that act;
   . . . .
   (B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or
   (C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.
   . . . .
   (b) A person commits an offense if he forges a writing with intent to defraud or harm another.
   Tex.Penal Code Ann. § 32.21 (1989).

*Wilson v. State,* 605 S.W.2d 284, 286 (Tex. Crim.App.1980). In *Wilson* the Court of Criminal Appeals held that the totality of the evidence indicated that appellant had knowledge of a forged drawer's signature on a check: (1) Wilson attempted to cash a paycheck made out to a third party, Caldwell; (2) Wilson falsely held himself out as Caldwell; (3) the drawer on the check was a person who never worked for Caldwell's employer; and (4) Wilson did not use his own identification when he attempted to cash the check. *Wilson,* 605 S.W.2d at 286. The evidence in this cause is substantially identical to that in *Wilson.* A rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim. App.1981). Point of error one is overruled.

■ In his second point of error appellant alleges that the jury's verdict was against the great weight and preponderance of the evidence.[2] The Court of Criminal Appeals in 1990 issued its opinion in *Meraz v. State,* holding that the courts of appeals are constitutionally given the authority to determine whether a jury finding on a matter the *defendant* must prove is factually insufficient. 785 S.W.2d 146, 154 (Tex.Crim.App.1990). The court in *Meraz* expressed no opinion on the role of the courts of appeals in reviewing the sufficiency of the evidence relative to the proof of the elements of the offense. *Id.* at 156. This issue of first impression is now squarely before us, and we hold that the courts of appeals have such power.

We note that the Fourteenth Court of Appeals has stated repeatedly that factual-sufficiency reviews by the courts of appeals are limited by *Meraz* to instances when the criminal defendant must prove an affirmative defense or other fact issue which the law has designated that the defendant has the burden of proof by a preponderance of the evidence. *Coleman v. State,* 804 S.W.2d 563, 565 (Tex.App.1991, no pet.);[3] *Brown v. State,* 804 S.W.2d 566, 571 (Tex.App.1991, pet.ref'd); *Marsh v. State,* 800 S.W.2d 607, 610 (Tex.App.1990, pet.ref'd); *Hunter v. State,* 799 S.W.2d 356, 358–59 (Tex.App.1990, no pet.); *Mason v. State,* 798 S.W.2d 854, 857 (Tex.App. 1990, no pet.); *Gaynor v. State,* 788 S.W.2d 95, 97 (Tex.App.1990, pet.ref'd). While it is conceivable that the Court of Criminal Appeals may one day so hold, we respectfully disagree that *Meraz* foreclosed the possibility of factual-sufficiency review of the elements of the offense in a criminal appeal. *See Garza v. State,* 794 S.W.2d 497, 499 (Tex.App.1990, pet.ref'd) (holding that the extent of the courts of appeals's power to conduct a factual-sufficiency review in a criminal appeal is an undecided question).

In order to understand fully the constitutional issues present in this appeal, we must briefly review the historical development of the Texas appellate courts. The Texas Supreme Court originally exercised appellate jurisdiction in both civil and criminal cases until the adoption of the current, 1876 Texas Constitution. Tex.Const. of 1869, art. V, § 3 (amended 1873); Tex. Const. of 1866, art. IV, § 3; Tex.Const. of

---

**2.** Appellant has separated his legal-sufficiency and factual-sufficiency complaints in two separate points of error, avoiding the ambiguity of merely alleging that the evidence is "insufficient." *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Practitioners should also note that the provision in the appellate rules which allows legal-sufficiency and factual-sufficiency complaints to be combined in a single point of error is applicable only in civil cases. Tex.R.App. P.Ann. 74(d) (Pamph.1991).

**3.** The Fourteenth Court of Appeals stated in *Coleman* that the appellate court's determination that the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that appellant was guilty logically precludes a determination that the jury's verdict was against the great weight and preponderance of the evidence. This is an erroneous premise, however, because the appellate court *does not* merely determine that the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt. As will be discussed in further detail, the correct test is whether, *after viewing the evidence in the light most favorable to the prosecution,* any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In conducting its factual-sufficiency review, the appellate court *does not* indulge in presumptions in favor of either side.

1861, art. IV, § 3; Tex.Const. of 1845, art. IV, § 3; Repub.Tex.Const. of 1836, art. IV, § 8. The 1876 constitution created a "court of appeals" and assigned this court appellate jurisdiction in all criminal cases and some civil cases. Tex.Const. art. V, § 6 (1876, amended 1891). The constitution was amended in 1891, creating the courts of civil appeals and renaming the "old" court of appeals the Court of Criminal Appeals. Tex.Const. art. V, § 4 (1891, amended 1966, 1977), § 6 (1891, amended 1978, 1980, 1985). The courts of civil appeals were given criminal appellate jurisdiction and renamed courts of appeals by a 1980 constitutional amendment, effective September 1, 1981.[4] Tex.Const. art. V, § 6 (1980, amended 1985).

In article V, section 6 of the Texas Constitution, that document delegates to the courts of appeals "appellate jurisdiction coextensive with the limits of their respective districts." The next sentence states, "Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error." The proviso, known as the "factual-conclusivity clause," is *not a grant* of power to the courts of appeals to conduct a factual-sufficiency review. Rather, the proviso implicitly recognizes that power as being within the "appellate jurisdiction" delegated to those courts in the preceding sentence, by prescribing the legal effect of an exercise of their decisions on questions of fact—their decisions "shall be conclusive." The 1891 amendment restricted, in express terms, the pre-existing jurisdiction of the supreme court over questions of fact, and confined the supreme court to questions of law. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 648 (Tex.1988); *Herbert v. Herbert*, 754 S.W.2d 141, 143 (Tex.1988); *Choate v. San Antonio & A.P. Ry.*, 91 Tex.

406, 44 S.W. 69, 69 (Tex.1898). The question then is whether the appellate criminal courts of this State[5] had jurisdiction over questions of fact before 1891. We conclude that they did.

In *Bailey v. Haddy* the Supreme Court of the Republic of Texas held that a court operating under a general grant of "appellate jurisdiction" had the power to review both the facts and the law.[6] Dallam 376, 378 (Tex.1841). This power was not restricted to civil cases. *Republic v. Smith* was decided in the same year as *Bailey*, and the court said, "[T]he Defendant in a criminal prosecution in the District Court has the right of appeal to this Court from the judgment, or sentence of the Court below, and to have the facts as well as the Law, at his own election, opened for reexamination." Dallam 407, 410–11 (Tex. 1841).

We note that in an older pre-*Meraz* opinion, *White v. State*, the Court of Criminal Appeals held that it did not have fact jurisdiction as did the courts of civil appeals. 591 S.W.2d 851, 856 (Tex.Crim.App.1979). However, *White* was based on the presumption that the factual-conclusivity clause was an affirmative grant of power to the courts of civil appeals. This view was expressly rejected in *Meraz*, and we presume that *White* has been impliedly overruled on this issue.

In addition to the case law acknowledging the power of the appellate courts to review questions of fact, the legislature has explicitly authorized such review by statute since 1856:

> The Supreme Court may revise the judgment in a criminal action, as well upon the law as upon the facts; but when a cause is reversed for the reason that the

---

**4.** Article V, section 6 was amended in 1978 to allow a court of appeals to have more than three justices and to sit in sections of three justices each, and in 1985 to change the name of the territorial designation from "Supreme judicial districts" to "court of appeals districts," and the titles of "Associate Justices" to "Justices."

**5.** The criminal appellate courts were the supreme court from 1836 to 1876, and the court of appeals from 1876 to 1891.

**6.** The plenary grant of appellate jurisdiction, including the power to conduct factual-sufficiency reviews, was a result of the blending of common-law, civil-law, and equity courts in Texas. *See Cropper*, 754 S.W.2d at 648–49; *Bailey*, Dallam 376, 378 (Tex.1841).

verdict is contrary to the weight of the evidence, the same shall in all cases be remanded for a new trial.[7]

There is nothing in either the text or history of the statute that limits the criminal appellate court's power to review the facts merely to ensure that the conviction is legally sufficient, i.e., that evidence exists, viewed in the light most favorable to the prosecution, such that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89 (1979); *Griffin,* 614 S.W.2d at 159 (Tex.Crim.App.1981).

■ Having established that the courts of appeals have jurisdiction over questions of fact, we must decide whether this power conflicts with our obligation under the federal constitution to ensure the legal sufficiency of the evidence to support a criminal conviction. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89. We hold it does not.

The critical inquiry on review of the legal sufficiency of the evidence to support a criminal conviction is whether the evidence in the record, when viewed in the light most favorable to the prosecution, supports a finding of guilt beyond a reasonable doubt. The reviewing court is not required to ask whether it believes the evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, *after viewing the evidence in the light most favorable to the prosecution,* any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Implicit in the *Jackson* analysis is an important premise that the jurisdiction of the appellate court is limited to questions of law, as the ordinary appellate court is. The *Jackson* Court noted that its test for the constitutional adequacy of the evidence "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.,* 443 U.S. at 319, 99 S.Ct. at 2789. The *Jackson* test is the *minimum* standard required to enforce the Fourteenth Amendment due process guarantees of the federal constitution. *Id.* at 320 n. 12, 99 S.Ct. at 2789 n. 12.

The *Jackson* test for the constitutional adequacy of the evidence does not refer to an appellate court's potential factfinding power:

> The question whether the evidence is constitutionally sufficient is of course wholly unrelated to the question of how rationally the verdict was actually reached. Just as the standard announced today does not permit a court to make its own subjective determination of guilt or innocence, *it does not require scrutiny of the reasoning process actually used by the factfinder—if known.*

*Id.* at 320 n. 13, 99 S.Ct. at 320 n. 13 (emphasis added). Nothing in *Jackson* prohibits the states from setting higher standards of review. *Griffin,* 614 S.W.2d at 159 n. 5.

As previously mentioned, the *Jackson* test does not logically preclude factual-sufficiency review. *Jackson* requires the appellate court to view the evidence in the light most favorable to the prosecution. *Jackson* permits the states to devise tests for factual-sufficiency review that do not indulge in presumptions in favor of either side. Because *Jackson* does not preclude factual-sufficiency review and because we

---

7. 1856 Tex.Code Crim.Proc., § 2, art. 744, at 141; *repealed and recodified as* 1879 Tex.Code Crim.Proc., § 2, art. 870, at 103 (replacing "Supreme Court" with "court of appeals"); *impliedly amended by* 1892 Tex.Gen.Laws, 1st C.S., ch. 16, § 42, at 39 (replacing "court of appeals" with "court of criminal appeals"); *repealed and recodified as* 1895 Tex.Code Crim.Proc., § 2, art. 905, at 124; *recodified as* 1911 Tex.Code Crim. Proc., § 2, art. 939, at 269; *repealed and recodified as* 1925 Tex.Code Crim.Proc., § 2, art. 848, at 135; *repealed and recodified as* Code of Criminal Procedure, 2 1965 Tex.Gen.Laws, ch. 722, art. 44.25, at 516; *amended by* 1981 Tex.Gen. Laws, ch. 291, § 134, at 291 ("The court of appeals or the Court of Criminal Appeals may reverse the judgment in a criminal action, as well upon the law as upon the facts.") (Tex.Code Crim.Proc.Ann. art. 44.25 (Supp.1992)). The current law, of course, is limited by the factual-conclusivity clause in those cases when the courts of appeals have intermediate criminal appellate jurisdiction. Tex. Const. art. V, § 6.

see nothing in the *Meraz* opinion that limits the pre-existing factual-sufficiency review power of the courts of appeals to matters the defendant must prove, we conclude that a criminal defendant is entitled to a factual-sufficiency review as a matter of state constitutional law.

In the *Meraz* opinion Judge Duncan stated, "a review of the facts relative to proof of an affirmative defense does not inexorably lead to a review of facts relative to proof of the elements of the offense." *Meraz*, 785 S.W.2d at 153. This statement does not imply that a review of the facts relative to proof of the elements of the offense is somehow impermissible, but rather highlights the fact that the *Meraz* court was only discussing the existence of factual-sufficiency review as to an affirmative defense. *Meraz* did not decide whether factual-sufficiency review exists as to proof of the elements of the offense. However, if *Meraz* is correct and the Texas Constitution by implication places a check on the power of juries to find the facts relating to a criminal defendant's affirmative defense, then that same review logically exists over the jury's power to find the facts relating to a criminal defendant's guilt. Article V, section 6 states, "the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error"; it does *not* state that "the decision of said courts shall be conclusive on all questions of fact, except for those relating to the elements of the offense in a criminal case, brought before them on appeal or error."

We are aware of one example in which both factual-and legal-sufficiency reviews in criminal cases are conducted—federal courts-martial. In *United States v. Turner*, the United States Court of Military Appeals distinguished factual-and legal-sufficiency review in a criminal case. 25 M.J.

324 (C.M.A.1987). The test for legal sufficiency is the *Jackson* test, but this does not preclude the factual-sufficiency review mandated by article 66(c) of the Uniform Code of Military Justice.[8] *Turner* correctly stated that legal sufficiency is the only review available in an appellate court that lacks jurisdiction over factual issues, such as the United States Court of Military Appeals. *Turner*, 25 M.J. at 325. In this respect, the United States Court of Military Appeals is like the Texas Supreme Court and Texas Court of Criminal Appeals in that these appellate courts at the top of their respective court systems have the power to review only matters of legal sufficiency, while the intermediate appellate courts, the United States Courts of Military Review and the Texas courts of appeals, have the power to review matters of both legal and factual sufficiency.

■ A potential trap of the *Meraz*-approved against-the-great-weight-and-preponderance review in criminal cases is that it may be confused with the burden of proof. It should not. A great-weight-and-preponderance point of error and a factually-insufficient-evidence point of error both challenge the factual sufficiency of the evidence, but by convention in civil cases, different names are used to identify which party had the burden of proof. When the jury gives an answer adverse to a party on an issue on which the party *did not* have the burden of proof, the jury finding is properly attacked by a factually-insufficient-evidence point of error. When the jury gives an answer adverse to a party on an issue on which the party *did* have the burden of proof, the jury finding is properly attacked by an against-the-great-weight-and-preponderance point of error. *See* Michol O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65, 67 (1974). Technically, therefore, the criminal defendant would at-

**8.** Article 66(c) requires the courts of military review, the intermediate appellate court of the armed services, to "weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses." Uniform Code of Military Justice art. 66(c), 10 U.S.C. § 866(c) (1988). The United States Courts of Military Review have both the power to find and unfind facts, while the Texas courts

of appeals only have the power to unfind facts. We, of course, are not bound by the test for factual-sufficiency review set out in *Turner*, nor do we express any opinion on whether that test is correct.

Texas has adopted a similar provision for courts-martial involving members of the state military forces. Texas Code of Military Justice, Tex.Gov't Code Ann. § 432.108(a) (1990).

tack the jury's guilty verdict by means of a factually-insufficient-evidence point of error, although a failure to frame properly the point of error should not result in waiver. A criminal defendant properly attacks the jury's failure to find the elements of his affirmative defense by means of an against-the-great-weight-and-preponderance point of error. Because the criminal defendant's burden of proof on the affirmative defense is by a preponderance of the evidence, the phrasing of the point of error is logically consistent with the underlying burden of proof, just as it is in a civil case. A factually-insufficient-evidence point of error, however, does *not* import the preponderance-of-the-evidence burden of proof into a factual-sufficiency review of a jury's finding against a criminal defendant on an element of the offense. We must not allow the historical semantics used in civil cases to obscure the proper nature of factual-sufficiency review.

 What then is the test to be followed in criminal cases? *Meraz* held that as to a factual-sufficiency review of the defendant's affirmative defenses, the correct standard is that used by the Texas Supreme Court. *Meraz*, 785 S.W.2d at 155. We see no reason why the civil test should not be adopted for a factual-sufficiency review of the elements of the criminal offense as well.

When the court of appeals conducts a factual-sufficiency review, the court does not ask if any rational jury, *after viewing the evidence in the light most favorable to the prosecution,* could have found the essential elements of the crime beyond a reasonable doubt. Factual-sufficiency review begins with the presumption that the evidence supporting the jury's verdict was legally sufficient, i.e., *constitutionally* sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment. Rather, the court views all the evidence without the prism of "in the light most favorable to the prosecution." Because the court is not bound to view the evidence in the light most favorable to the prosecution,

it may consider the testimony of defense witnesses and the existence of alternative hypotheses. The court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Before reversing a conviction on this basis, the court should detail the evidence and clearly state why the jury's verdict is so contrary to the overwhelming weight of the evidence as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias; and further state how the evidence contrary to the jury's verdict overwhelmingly outweighs the evidence that supports the verdict. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986), *cited in Meraz,* 785 S.W.2d at 154 n. 2.

 Having established the test for factual-sufficiency review of the elements of the offense, we apply that test to this cause. After considering and weighing all the evidence, we cannot conclude that the jury's verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We, therefore, overrule point of error two.[9]

Our opinion in this cause is not motivated by a desire to arrogate power to the courts of appeals. We reach the conclusion that our authority to review the factual sufficiency of the evidence extends to criminal cases only after much thought and deliberation. We are convinced by our analysis of the opinions interpreting the Texas Constitution over the past century and a half that we have been given this authority whether we want it or not. Accordingly, we are duty-bound to exercise the full extent of the constitutional grant of appellate jurisdiction when requested by the litigants.

The judgment of conviction is affirmed.

**9.** If the Court had sustained appellant's factual-sufficiency point, we would follow the civil practice and reverse the judgment of the trial court and remand the cause for a new trial, a result that apparently does not offend the Double Jeopardy Clause of the Fifth Amendment. *See Tibbs v. Florida,* 457 U.S. 31, 32, 102 S.Ct. 2211, 2213, 72 L.Ed.2d 652 (1982).