IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-027-CR




DEMETRICH A. BROADUS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,496, HONORABLE JOE CARROLL, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated assault on a peace officer and assessed
punishment at imprisonment for four years and a $5000 fine. Tex. Penal Code Ann. § 22.02
(West 1989 & Supp. 1992). On the jury's recommendation, the district court suspended
imposition of sentence and placed appellant on probation. The only issue on appeal is the
sufficiency of the evidence.

 The State's principal witness was the complainant, Victor Hall. On the night of
April 14, 1991, Hall was on duty at the Bell County jail where he is employed as a jailer. 
Appellant was brought to the jail that night by a deputy sheriff following his arrest for public
intoxication. According to Hall, appellant was obviously intoxicated. He was also "very
aggressive, belligerent."

 After being searched, appellant was placed in the "detox tank." Appellant began
to beat on the windows of this cell and shout that he was not intoxicated and should be released. 
After appellant ignored Hall's entreaties to calm himself, the determination was made to move
appellant to the "violent tank." With the aid of another jailer, Hall took appellant to the second
cell, but appellant refused to enter the cell and physically resisted the officers. At this point, the
officers seized appellant, "lowered him to the floor and restrained him." Two more jailers were
called in for assistance. Hall described what happened next as follows:



A. They began to help us pick the inmate up. Officer Lauw and Corporal
Gloston grabbed him under his arms, picked him up off the floor while me
and Mr. Mahan got up off of the floor.


Q. So you moved from a position behind his back toward the front of him?


A. Yes, sir. As I was laying on his back, then they picked him up and turned
him around towards us.


Q. All right. Now, where did you move then?


A. I was getting up off the floor to go towards him to help restrain him, to put
him in the cell.


Q. What happened next?


A. He began kicking and swinging. And at which time I got kicked in ribs.


Q. All right. How far away from you -- how far away from him were you
when you were kicked?


A. About from me to you.


Q. About three feet or so?


A. About three feet.


Q. Describe how -- he looked directly at you?


A. He was facing towards me, and each officer had him by an arm, and he
basically kicked up both feet towards me.


Q. All right. So he was directing his kick towards you --


A. Yes, sir.


Q. -- then? Okay. Where did the kick land?


A. In my lower rib cage and in my side.


Q. Okay. Thank you. Is there any doubt in your mind that he intended to
kick you?


A. No, sir.


Q. What happened immediately after you were kicked?


A. I fell to the floor and begin trying to catch my breath.


Q. Describe how it felt to be kicked in the ribs?


A. It basically felt like somebody had stabbed me or poked something sharp
into my ribs.



 Appellant testified that he was not intoxicated on the night in question and had been
arrested without cause. Appellant had been involved in a fight before his arrest, and he was in
considerable pain. According to appellant, his repeated requests for medical care were ignored
by the arresting officer and the jailers. Appellant admitted kicking Hall, but said that he did so
in self-defense because Hall was using excessive force and hurting him. An instruction on self-defense was included in the court's charge to the jury.

 Appellant's challenge to the sufficiency of the evidence is, in essence, an attack on
the credibility of Hall and the other witnesses for the State. Appellant points to certain
inconsistencies in their testimony concerning, for example, who was holding appellant where and
whether appellant kicked Hall with one foot or two. Appellant urges that because of these
conflicts in the testimony, there is a reasonable doubt as to his guilt.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). It was the jury's responsibility, as trier of fact, to determine the
credibility of the witnesses and the weight to be given their testimony. Tex. Code Crim. Proc.
Ann. art. 38.04 (West 1979). Obviously, the jury found Hall to be a credible witness. From his
testimony, a rational trier of fact could find beyond a reasonable doubt that appellant intentionally
or knowingly caused bodily injury to Hall, knowing when he did so that Hall was a jailer
employed by the county jail.

 In his argument under this point, appellant asserts that the verdict is against the
great weight and preponderance of the evidence. Legal-sufficiency and factual-sufficiency
complaints should be brought forward in separate points of error. Stone v. State, 823 S.W.2d
375, 377 n.2 (Tex. App.--Austin 1992, pet. ref'd, untimely filed). Nevertheless, we have
reviewed all the evidence that was before the jury and find that the verdict is not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 381.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie, and B. A. Smith]

Affirmed

Filed: September 16, 1992

[Do Not Publish]