Anderson v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-305-CR




LLOYD EDWARD ANDERSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0920052, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 





 Appellant Lloyd Edward Anderson was convicted by a jury of sexual assault, Tex.
Penal Code Ann. § 22.011 (West 1989), (1) for which punishment was assessed at seventy years'
confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant
presents three points of error complaining that the evidence was insufficient to support the
judgment of conviction and that the trial court erred in failing to exclude certain statements from
the pre-sentence investigation report. We will affirm the trial court's judgment of conviction.



FACTUAL AND PROCEDURAL BACKGROUND


 On March 18, 1991, the complainant filed a report with the Austin Police
Department alleging that she had been sexually assaulted. The complainant told the police that
appellant committed the alleged assault. Appellant was subsequently arrested and indicted for the
offense of aggravated sexual assault, Tex. Penal Code Ann. § 22.021 (West 1989). At trial, the
complainant testified that appellant compelled her to submit to sexual intercourse by physical force
and by threatening words and conduct. The complainant testified that appellant forcibly entered
her apartment and, in the process, pushed her against the wall; that when she reached for the
phone, appellant "jerked the base of the phone from the hand receiver part"; that appellant
grabbed her, choked her, and told her he had a gun; that appellant lay on her and pinned her arms
above her head; and that after sexually assaulting her the first of three times, appellant told her
"he could kill me and walk right out of there and nobody would even know it and that he wouldn't
think twice about doing it." Appellant testified and admitted having sexual intercourse with the
complainant, but denied that he used physical force or threatening words or conduct. Appellant
was convicted by the jury of the lesser included offense of sexual assault. Appellant appeals this
judgment of conviction.



SUFFICIENCY OF THE EVIDENCE


 In his first two points of error, appellant contends that the evidence presented at
trial was legally and factually insufficient to support the judgment of conviction for sexual assault. 
Appellant contends that



[w]hen the jury found Mr. Anderson guilty of sexual assault instead of aggravated
sexual assault, the jury demonstrated it did not believe beyond a reasonable doubt
that Mr. Anderson had a gun, said he had a gun, or said that he could kill her and
not think twice about it.



. . . .


The jury did not believe beyond a reasonable doubt that Mr. Anderson choked [the
complainant] or that he said he had a gun.



In essence, appellant contends that the jury's failure to convict him of aggravated sexual assault
is inconsistent with the jury's verdict that he committed all the elements of simple sexual assault. 
We disagree.

 In the jury charge, the trial court instructed the jury regarding the offenses of
simple sexual assault and aggravated sexual assault. In order to convict appellant of simple sexual
assault, the jury was instructed that it had to believe beyond a reasonable doubt that the sexual
intercourse occurred without consent. As defined in the charge, a sexual assault occurred without
consent if appellant compelled the complainant "to submit or participate by the use of physical
force or violence." See Tex. Penal Code Ann. § 22.011(b) (West 1989). In order to convict
appellant of aggravated sexual assault as defined in the charge, the jury had to believe beyond a
reasonable doubt that the sexual intercourse occurred without consent as defined above and that
appellant either (1) "by acts or words" in the complainant's presence, threatened "to cause serious
bodily injury to any person" or (2) "by acts or words" placed the complainant "in fear that serious
bodily injury" would be "imminently inflicted on any person." See Tex. Penal Code Ann.
§ 22.021(a)(2) (West 1989).

 Because the elements of the two offenses are different, we see no inconsistency in
the jury's failure to find appellant guilty of aggravated sexual assault, yet finding him guilty of
simple sexual assault. The jury could have believed beyond a reasonable doubt that appellant
entered the complainant's apartment, pushed her against a wall, grabbed her, lay on her and
pinned her arms above her head, and had sexual intercourse with her, all by the use of force or
violence, yet failed to believe beyond a reasonable doubt that appellant threatened to cause serious
bodily injury to the complainant or placed her in fear that serious bodily injury would be
imminently inflicted.

 Having found no inconsistency in the jury's actions, we now address the issue of
whether the evidence presented at trial was sufficient to support a conviction for simple sexual
assault. In his first point of error, appellant contends that the evidence presented was legally
insufficient to support a conviction. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support
a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979);
Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). This Court does not ask whether
it believes that the evidence at trial established guilt beyond a reasonable doubt; instead, the
relevant question is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt. Jackson, 443 U.S. at 318-19; Griffin, 614 S.W.2d at 159.

 Viewing the evidence in the light most favorable to the prosecution, the
complainant's testimony indicating that appellant pushed her into the wall, choked her, lay on her
and pinned her arms above her head, stated he had a gun, and stated he could kill her, even in the
face of appellant's contrary testimony, is sufficient to support the judgment of conviction. See,
e.g., Todd v. State, 466 S.W.2d 559 (Tex. Crim. App. 1971) (victim's testimony that defendant
choked and threatened her, although defendant testified to the contrary, sufficient to support
conviction for offense of rape). Further, even assuming that the jury failed to believe that
appellant choked her, stated he had a gun, or stated he could kill her, appellant's other actions
(e.g., forcibly entering her apartment, pushing her against the wall, grabbing the phone from her
and yanking out the cord, grabbing her, lying on her and pinning her arms above her head) are
sufficient to support the judgment of conviction for simple sexual assault. We overrule appellant's
first point of error.

 In his second point of error, appellant contends that the evidence was factually
insufficient to support the conviction. When the court of appeals conducts a factual-sufficiency
review, the court does not view the evidence in the light most favorable to the prosecution as it
does in a legal-sufficiency review; rather, the court views all the evidence equally, including the
testimony of defense witnesses and the existence of alternate hypotheses. Stone v. State, 823
S.W.2d 375, 381 (Tex. App.Austin 1992, State's pet. ref'd as untimely filed, and State's motion
for discretionary review without pet. denied). This Court should set aside the judgment only if
it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Id. Applying this standard after reviewing the entire record, we conclude that the evidence
presented was factually sufficient to support the judgment of conviction for simple sexual assault. 
We overrule appellant's second point of error.



PRE-SENTENCE INVESTIGATION REPORT


 In his third point of error, appellant complains that the trial court erred in failing
to exclude certain statements from the pre-sentence investigation report. (2) Appellant identifies three statements that he claims should have been excluded. Appellant first objects to the listing
of the offense in the report as "Sexual Assault (reduced from Aggravated Sexual
Assault/Habitual)." The record reveals that this designation was changed, upon appellant's
objection at trial, to "FOUND GUILTY OF LESSER INCLUDED OFFENSE Sexual Assault." 
Because appellant did not complain of this modified statement in the court below, nor does he
complain of this modified statement in his brief to this Court, we conclude that no error is
presented for review.

 The second statement appellant complains of is contained in the "Police/Court
Version" section of the report and states "Anderson grabbed [the complainant] and told her `I
have a gun.'" Again, appellant claims that, because the jury failed to convict him of aggravated
sexual assault, the jury failed to find that appellant made such statement and, accordingly, such
statement does not reflect the jury's findings. We concluded above that the jury's failure to
convict for aggravated sexual assault does not necessarily indicate that the jury did not believe
beyond a reasonable doubt that appellant stated that he had a gun. Accordingly, we conclude that
the trial court did not err in failing to exclude this statement. 

 Further, even assuming that the jury did not believe that appellant made such a
statement, that circumstance does not require that the trial court delete such statement from the
report. This section of the report simply provides a summary of the police participation and the
court proceedings. The complainant told police and testified at trial that appellant grabbed her
and told her he had a gun. Because the complained-of statement accurately portrays the events
occurring with respect to police participation and court proceedings, we conclude that the trial
court did not err in failing to exclude such statement.

 The final statement appellant complains of is contained in the "Weapons/Violence"
section of the report and states "[T]he victim, stated that defendant threatened to use a gun if she
did not comply with his demands for sex." Appellant objects to this statement for the same
reasons indicated above with respect to the statement made in the "Police/Court Version" section. 
Because we have concluded that the jury's failure to convict for aggravated sexual assault does
not necessarily indicate that the jury did not believe beyond a reasonable doubt that appellant
stated that he had a gun, we conclude that the trial court did not err in failing to exclude this
statement. Further, even assuming that the jury did not believe that appellant made such a
statement, that fact would not require that the trial court delete such statement. This statement
accurately reflects the complainant's testimony at trial. We conclude that the trial court did not
err in failing to exclude this statement. 

 We also note that the report contained a "Defendant's Version" section which
reflects appellant's denial of all allegations regarding the sexual assault. In other words, the
report provides a balanced presentation of the proceedings in the present case. We overrule
appellant's third point of error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 25, 1993

[Do Not Publish]

1.   This statute was amended effective September 1, 1991, after the date of the offense
at issue in the present case. The amendment was enacted to change the wording
pertaining to spousal relationships in the context of a sexual assault. See Tex. Penal Code
Ann. § 22.011 (West Supp. 1993).
2.   Because the alleged error about which appellant complains does not affect the
judgment of the trial court, there is some question whether it is even subject to review by
this Court. We will, however, assume without deciding that this point of error presents a
reviewable complaint.