Fulton-BW v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-169-CR

     BILLY WADE FULTON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court No. 7
Dallas County, Texas
Trial Court # MB93-38389-H
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Fulton appeals his conviction for driving while intoxicated, for which he was
sentenced to 120 days in jail, probated for 24 months, and a $750 fine.
      Appellant was arrested by Officer Wilhelm of the Sachse police department on September 21,
1993, and was charged with DWI. On March 31, 1995, Appellant waived a jury and pled "not
guilty" before the court. The court found him "guilty" and sentenced him to 120 days in jail,
probated, and a $750 fine.
      Appellant appeals contending: "The evidence was factually insufficient to show that Appellant
was intoxicated."
      Specifically, Appellant seeks review of his conviction under the factual sufficiency standard
of review as set out in Stone v. State, 823 S.W.2d 375, 377 (Tex. App.—Austin 1992) and Clewis
v. State, No. 45-093, slip op. (Tex. Crim. App. January 31, 1996).
      Prior to Clewis, supra, our courts of appeal were divided as to the Stone factual sufficiency
standard. In Clewis the Court of Criminal Appeals vacated the judgment of the Dallas Court of
Appeals and held that an appellant was entitled to a review of the evidence to determine whether
it was factually sufficient to sustain his conviction. The Court held that when a court of appeals
determines that the verdict is against the great weight of the presented evidence as to be clearly
wrong and unjust, it must reverse the verdict and remand for a new trial.
      Under this standard we are not bound to view the evidence in the light most favorable to the
prosecution, but may consider the evidence of defense witnesses and the existence of alternative
hypotheses.
      Officer Wilhelm of the City of Sachse, on September 21, 1993, at about 10:30 p.m., observed
a Toyota fail to come to a complete stop at a stop sign. He activated his overhead lights, followed
the Toyota and pulled it over. He testified he smelled a strong odor of alcoholic beverage on
Appellant; that Appellant fell to the ground when he administered a balance test; that he formed
the opinion that Appellant's mental faculties were a little impaired; and that appellant did not have
the use of his physical faculties at all, because he had been drinking.
      Office Wilhelm placed Appellant under arrest for driving while intoxicated and transported
him to the Sachse booking facility where he was videotaped. The videotape was introduced into
evidence.
      Appellant testified he was 47 years old; served two terms in Viet Nam; suffered an injury in
1981 resulting in a rod being inserted into the top of his leg and a plate in the bottom of his leg;
as a result his balance is bad; that because of bone grafts, the more tired he is, the worse his leg
is; that his brother was killed a few days before and was buried the day before his arrest; that he
had gone without sleep; that between 4:30 p.m. and 10:30 p.m. he had consumed five beers, but
he was not intoxicated.
      A person is intoxicated when he is without the normal use of his mental or physical faculties
by reason of the introduction of alcohol. Daricek v. State, 875 S.W.2d (Tex. App.—Austin 1994,
pet. ref'd). Officer Wilhelm thought Appellant "a little impaired" mentally, and "impaired"
physically when he was arrested.
      A rod had been inserted into and remains in the top of Appellant's leg and a plate in the
bottom of it. The rod and plate affected his balance. Appellant had not slept but little in the prior
days due to his brother's death, and his burial the day before the arrest.
      Appellant testified that his physical impairment was not due to his consumption of alcohol,
but rather to his being very tired and to his physical disability. The videotape does not show that
Appellant was mentally or physically impaired.
      We hold the evidence factually insufficient to show that Appellant was mentally or physically
impaired by reason of alcohol; that his conviction was contrary to the great weight of the evidence
and was unfair.
      Appellant's contention and point one is sustained. The judgment is reversed and the cause
remanded for a new trial.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed April 3, 1996
Do not publish