TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00530-CR

Howard Lee Bolden, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 97-076-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

PER CURIAM

The district court found appellant guilty of robbery and assessed punishment, enhanced by
a previous felony conviction, at imprisonment for forty years. Appellant's court-appointed attorney filed
a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of
Anders v. California, 386 U.S. 738 (1967), by advancing contentions which counsel says might arguably
support the appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State,
485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the
appellate record and to file a pro se brief. A pro se brief has been filed.

Counsel's brief asserts that, arguably, the evidence is factually insufficient to sustain the
conviction and trial counsel was ineffective. We have reviewed the testimony as a whole and conclude that
the guilty verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). The alleged errors of trial
counsel cited in the brief were all matters of trial strategy that we are in no position to second-guess. The
brief does not overcome the presumption that trial counsel's conduct fell within the wide range of
reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

In his pro se brief, appellant first complains that appellate counsel did not comply with the
procedural requirements attending a frivolous appeal brief. We have already determined that counsel
fulfilled his constitutional and professional responsibilities. Appellant also complains that the district court
erred by ordering the sentence in this cause to run concurrently with the sentence imposed in another case. 
Appellant does not explain why this was an abuse of the court's discretion. See Tex. Code Crim. Proc.
Ann. art. 42.08(a) (West Supp. 1998). The court's decision benefitted appellant, since the only alternative
would have been for the court to order that the two sentences be served consecutively.

The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 5, 1998

Do Not Publish