TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00650-CR







Martin Bocanegra Gonzales, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6621, HONORABLE C. W. DUNCAN, JUDGE PRESIDING







 After finding appellant guilty of the felony offense of operating a motor vehicle while
intoxicated, the jury assessed punishment at twenty years' confinement and a fine of $10,000. Tex. Penal
Code Ann. §§ 49.09(a), 49.09(b) (West Supp. 1998). In a single point of error, appellant contends the
evidence is factually insufficient to support the conviction. We will overrule appellant's point of error and
affirm the judgment of the trial court.

 At the outset, we note that it is undisputed that the evidence supports the jury's findings that
appellant had previously been convicted two times of offenses relating to the operation of a motor vehicle
while intoxicated, thus elevating the offense to a felony. The factual sufficiency review of evidence begins
with the presumption that the evidence supporting the jury's verdict was legally sufficient under the Jackson
test. (1) See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 On the night of May 25, 1996, Lampasas police officers Daron Parker and David Thorp
were in their patrol car when they observed that the vehicle appellant was driving failed to maintain a single
lane. A video camera was activated to record the movement of appellant's vehicle as well as his
performance of field sobriety tests, when his vehicle was stopped. (2)

 Parker and Thorp both testified that appellant had an extreme odor of alcohol on his breath,
his eyes were glassy red and his speech was slurred. Parker, trained in field sobriety testing, administered
a number of field sobriety tests and testified that appellant's performance on all the tests was unsatisfactory. 
Both officers opined that appellant was intoxicated and arrested appellant.

 Upon arrival at the booking office at the county jail, Parker gave appellant the necessary
warnings before asking if he would take either a blood test or a breath test. Appellant declined to take
either test. Alma Van Winkle, detention officer at the county jail, had an opportunity to observe appellant
during the booking procedure. She stated that she had opportunities to see appellant on prior occasions. 
Her observations conform with those of officers Parker and Thorp; appellant was not in any condition to
safely operate a vehicle.

 Oscar Valdez, the passenger in appellant's vehicle, testified that he had asked appellant
thirty minutes earlier to drive him to a store where he could purchase some beer. Valdez did not see
appellant drink any beer nor did he see anything abnormal about appellant's conduct. Prior to their being
stopped, Valdez stated that appellant dropped his lighter. Valdez reasoned that appellant's reaching down
to pick up the lighter caused him to change the way he was driving. 

 On appellate review, we may consider factual sufficiency as well as legal sufficiency. See
Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely filed); see also Clewis,
922 S.W.2d 126 (adopting Stone test). In Stone, this Court set the following standard for factual review:


[T]he court reviews all the evidence without the prism of 'in the light most favorable to the
prosecution.' Because the court is not bound to view the evidence in the light most
favorable to the prosecution, it may consider the testimony of defense witnesses and the
existence of alternative hypotheses. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.



Stone, 823 S.W.2d at 381 (citations omitted).

 We have reviewed appellant's positions and his arguments relative to the weakness of the
State's case. We have reviewed all the evidence, including evidence favorable to appellant and the
existence of alternative hypotheses. After reviewing all of the evidence and arguments and the existence
of alternative hypotheses, we conclude that the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: June 18, 1998

Do Not Publish















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. See Jackson v. Virginia, 440 U.S. 307 (1973).
2. A video tape was also made at the booking desk of the jail and this tape along with the other tape are
before us as exhibits admitted in evidence. We have reviewed them and find that they confirm testimony
of the officers relative to their visual observations.



y testing, administered
a number of field sobriety tests and testified that appellant's performance on all the tests was unsatisfactory. 
Both officers opined that appellant was intoxicated and arrested appellant.

 Upon arrival at the booking office at the county jail, Parker gave appellant the necessary
warnings before asking if he would take either a blood test or a breath test. Appellant declined to take
either test. Alma Van Winkle, detention officer at the county jail, had an opportunity to observe appellant
during the booking procedure. She stated that she had opportunities to see appellant on prior occasions. 
Her observations conform with those of officers Parker and Thorp; appellant was not in any condition to
safely operate a vehicle.

 Oscar Valdez, the passenger in appellant's vehicle, testified that he had asked appellant
thirty minutes earlier to drive him to a store where he could purchase some beer. Valdez did not see
appellant drink any beer nor did he see anything abnormal about appellant's conduct. Prior to their being
stopped, Va