TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00474-CR







Juan Montez Gunn, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,452, HONORABLE JOE CARROLL, JUDGE PRESIDING







A jury found appellant Juan Montez Gunn guilty of capital murder. See Tex. Penal
Code Ann. § 19.03(a)(2) (West 1994). Because the State did not seek the death penalty, the
district court assessed punishment at imprisonment for life. See id. § 12.31(a); Tex. Code Crim.
Proc. Ann. art. 37.071, § 1 (West Supp. 2000). Appellant challenges the sufficiency of the
evidence in three points of error. Finding the evidence sufficient in all respects, we will affirm
the judgment of conviction.

Appellant and three of his friends, Cliff Mangrum, Lonnie Gaither, and Isayah
Griffin, killed Doyle Heath in the course of a robbery at Heath's gun shop. Griffin, who was
fifteen years old at the time of the offense, testified that the four young men had planned the
robbery for some time. On the morning of October 27, 1998, the four gathered at Rose Mary
Collett's house, where Gaither was living. They then went to the gun shop where it was decided
that Mangrum and Gaither would enter first. All had agreed that they "were going to hurt Mr.
Heath" so that he would not be able to stop or identify them. From outside the shop, Griffin saw
Mangrum seize a rifle from a shelf and strike Heath on the head with it. Griffin and appellant
then entered the shop and "we saw [Mangrum] hitting him, and he had knocked him out. . . . 
And then somehow [appellant] had got the gun." Appellant "started hitting" Heath, who was
lying on the floor, with the butt of the rifle. Appellant then began "stomping" Health's head and
chest with his foot. The four robbers filled bags with firearms and ammunition, emptied the cash
register, and then fled. Heath died from brain injuries resulting from blunt-force trauma to the
head.

Appellant, Gaither, Mangrum, and Griffin returned to Collett's house with the
stolen weapons and money. Collett testified that they "all started showing guns, bringing in bags
of guns -- I believe there was a count of 32 -- bullets falling out of their pockets, money, showing
them and telling them -- telling us what they had done." The men told Collett that "Cliff
[Mangrum] . . . got a rifle and started hitting the gun shop owner on top of his head" until the
rifle broke. Appellant told Collett that "he [appellant] stomped him on the head after Cliff was
hitting him with the rifle." Appellant said "he [appellant] had to kill him because he seen Lonnie
[Gaither]'s face."

Rodney Rogers, a Bell County Jail inmate, testified that appellant told him
following his arrest "that he was involved in a murder that happened in Killeen, that him and a
few other guys had went to the gun store and had planned to rob a man, . . . and then they had
put him on the ground and beat him with a shot gun, the butt end of a shot gun, and the man
wound up dying later." Appellant told Rogers that "[h]e participated in beating the gentleman in
the face with the end, the butt end of a shotgun and stomping him in the neck area."

The district court correctly instructed the jury that Griffin was an accomplice as
a matter of law. In his third point of error, appellant urges that Griffin's testimony was not
corroborated and therefore cannot be considered as evidence of his guilt. See Tex. Code Crim.
Proc. Ann. art. 38.14 (West 1979). We disagree. Appellant's statements to Collett and Rogers
are more than sufficient to connect him to the robbery and murder of Doyle Heath, and therefore
to corroborate the accomplice testimony. See Mays v. State, 726 S.W.2d 937, 942 (Tex. Crim.
App. 1986). Point of error three is overruled.

Appellant further contends that the evidence is legally insufficient to prove that he
intended to kill Heath. Once again, appellant's own words defeat his contention. Appellant told
Collett that "he had to kill" Heath because Heath saw Gaither's face. From this testimony alone,
the jury could reasonably conclude beyond a reasonable doubt that appellant intended to kill. See
Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (test for legal sufficiency). 
Moreover, the jury could reasonably infer an intent to kill from the ferocity of the attack and the
extent of the injuries inflicted on the sixty-eight-year-old victim. See Queen v. State, 940 S.W.2d
781, 788 (Tex. App.--Austin 1997, pet. ref'd). Point of error one is overruled.

Finally, appellant contends the evidence is factually insufficient to sustain the
verdict. A factual sufficiency reviews asks whether a neutral review of all the evidence, both for
and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so
greatly outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may
be set aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Appellant does not point to evidence contrary to the finding of guilt, but instead
attacks the credibility of the State's witnesses. The jury is the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony, and may accept or reject all or any
part of the evidence. See Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984);
Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979). Appellate courts exercise their fact jurisdiction only to
prevent a manifestly unjust result. We are not free to reweigh the evidence and set aside a verdict
merely because we feel that a different result is more reasonable. See Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996); Reina v. State, 940 S.W.2d 770, 773 (Tex.
App.--Austin 1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict by
finding error only when the record clearly indicates that the verdict is wrong and manifestly
unjust. See Johnson, slip op. at 13; Reina, 940 S.W.2d at 773. A review of all the evidence in
this cause does not persuade us that the jury's verdict was unjust. Point of error two is overruled.

The judgment of conviction is affirmed.



 


 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 30, 2000

Do Not Publish



n store and had planned to rob a man, . . . and then they had
put him on the ground and beat him with a shot gun, the butt end of a shot gun, and the man
wound up dying later." Appellant told Rogers that "[h]e participated in beating the gentleman in
the face with the end, the butt end of a shotgun and stomping him in the neck area."

The district court correctly instructed the jury that Griffin was an accomplice as
a matter of law. In his third point of error, appellant urges that Griffin's testimony was not
corroborated and therefore cannot be considered as evidence of his guilt. See Tex. Code Crim.
Proc. Ann. art. 38.14 (West 1979). We disagree. Appellant's statements to Collett and Rogers
are more than sufficient to connect him to the robbery and murder of Doyle Heath, and therefore
to corroborate the accomplice testimony. See Mays v. State, 726 S.W.2d 937, 942 (Tex. Crim.
App. 1986). Point of error three is overruled.

Appel