TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00627-CR






Michael Scott Boyd, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-075, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







Appellant Michael Scott Boyd pleaded guilty to possessing more than 28 grams but
less than 200 grams of diazepam, clonazepam, alprazolam, and triaolam. See Tex. Health &
Safety Code Ann. § 481.117(a), (c) (West Supp. 2000). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, placed appellant on
deferred adjudication community supervision for five years. We will affirm.

Appellant's first point of error is that his conviction is against the overwhelming
weight of the evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual
sufficiency review). We begin by noting that appellant has not been convicted; adjudication of
guilt was deferred. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2000). We
further note that appellant does not appear to have the trial court's permission to raise this issue
on appeal. See Tex. R. App. P. 25.2(b)(3)(C).

We find this contention to be meritless in any case. Appellant's guilty plea and
judicial confession are legally sufficient to sustain the court's finding that the evidence
substantiates appellant's guilt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v.
State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (test for legal sufficiency); see also
Stone, 823 S.W.2d at 381 (factual sufficiency review presupposes legal sufficiency). In his brief,
appellant states that he presented evidence that he was an "ultimate user" within the meaning of
the ultimate user exception to the Controlled Substances Act. See Tex. Health & Safety Code
Ann. § 481.062(a)(3) (West Supp. 2000); see also Wright v. State, 981 S.W.2d 197, 200-01 (Tex.
Crim. App. 1998) (discussing ultimate user exception). It appears appellant is referring to his
pretrial motion to dismiss the prosecution. Appellant's motion to dismiss was overruled without
a hearing, and neither the motion nor the document attached to it were introduced in evidence. 
There being no evidence contradicting appellant's guilty plea and confession, the district court's
conclusion that the evidence substantiates appellant's guilt was not manifestly unjust. Point of
error one is overruled.

Appellant's remaining points of error assert that his motion to dismiss should have
been granted because his prosecution violated the commerce and supremacy clauses of the United
States Constitution. See U.S. Const. art. I, § 8, cl. 3; art.VI, cl. 2. Appellant asserts that he
purchased the controlled substances in Mexico pursuant to a prescription from a Mexican
physician, and that he lawfully brought them into this country under federal law. See 21 U.S.C.A.
§ 956 (West 1999); 21 C.F.R. § 1301.26 (1999). Appellant contends that Texas cannot,
consistent with the commerce and supremacy clauses, criminalize the importation of controlled
substances if that importation is authorized by federal law.

We do not reach the merits of appellant's contentions because they are without
evidentiary foundation. Once again, appellant is relying on the assertions made in his pretrial
motion. There is no evidence before us that appellant's possession was lawful under federal law
or that he was entitled to the benefit of the ultimate user exception under state law. Points of
error two and three are overruled.

The order deferring adjudication is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 4, 2000

Do Not Publish



75, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







Appellant Michael Scott Boyd pleaded guilty to possessing more than 28 grams but
less than 200 grams of diazepam, clonazepam, alprazolam, and triaolam. See Tex. Health &
Safety Code Ann. § 481.117(a), (c) (West Supp. 2000). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, placed appellant on
deferred adjudication community supervision for five years. We will affirm.

Appellant's first point of error is that his conviction is against the overwhelming
weight of the evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual
sufficiency review). We begin by noting that appellant has not been convicted; adjudication of
guilt was deferred. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2000). We
further note that appellant does not appear to have the trial court's permission to raise this issue
on appeal. See Tex. R. App. P. 25.2(b)(3)(C).

We find this contention to be meritless in any case. Appellant's guilty plea and
judicial confession are legally sufficient to sustain the court's finding that the evidence
substantiates appellant's guilt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v.
State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (test for legal sufficiency); see also
Stone, 823 S.W.2d at 381 (factual sufficiency review presupposes legal sufficiency). In his brief,
appellant states that he presented evidence that he was an "ultimate user" within the meaning of
the ultimate user exception to the Controlled Substances Act. See Tex. Health & Safety Code
Ann. § 481.062(a)(3) (West Supp. 2000); see also Wright v. State, 981 S.W.2d 197, 200-01 (Tex.
Crim. App. 1998) (discussing ultimate user exception). It appears appellant is referring to his
pretrial motion to dismiss the prosecution. Appellant's motion to dismiss was overruled without
a hearing, and neither the motion nor the document attached to it were introduced in evidence. 
There being no evidence contradicting appellant's guilty plea and confession, the district court's
conclusion that the evidence substantiates appellant's guilt was not manifestly unjust. Point of
error one is overruled.

Appellant's remaining points of error assert that his motion to dismiss should have
been granted because his prosecution violated the commerce and supremacy clauses of the United
States Constitution. See U.S. Const. art. I, § 8, cl. 3; art.VI, cl. 2. Appellant asserts that he
purchased the controlled substances in Mexico pursuant to a prescription from a Mexican
physician, and that he lawfully brought them into this country under federal law. See 21 U.S.C.A.
§ 956 (West 1999); 21 C.F.R. § 1301.26 (1999). Appellant contends that Texas cannot,
consistent with the commerce and supremacy clauses, criminalize the importation of controlled
substances if that importation is authorized by federal law.

We do not reach the