**Affirmed and Memorandum Majority Opinion and Concurring Opinion filed May 11, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00632-CR

---

**GIOVANNY RANCOCO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1583707**

---

### CONCURRING OPINION

Appellant questions the legitimacy of *Brooks v. State* and its progeny. *Brooks*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Barring amendments to the Texas Constitution to remove the factual-conclusivity clause in article V, section 6(a), to remove Code of Criminal Procedure article 44.25, and to affirmatively negate factual-sufficiency review, the legitimacy question is reasonable. Opinions like *Stone v.*

*State* and *Clewis v. State* seem both textually sound and fundamentally fair, especially to those who work in both the criminal and civil arenas. *Stone*, 823 S.W.2d 375 (Tex. App.—Austin, 1992, pet. ref'd, untimely filed); *Clewis*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

Perhaps the court of criminal appeals will at some point reconsider *Brooks*. Factual sufficiency is an appellate equitable principle that has been exercised as far back as the Supreme Court of the Republic of Texas. We must remember that the current factual-conclusivity clause is a limitation on that power rather than its source.

There is a role for appellate courts to exercise what reasonable people can read to be the equitable power of the appellate court to unfind facts and grant a new trial to prevent manifest injustice, regardless of the appellate standard of review over the findings of fact and the minimum federal constitutional floor provided by the Fourteenth Amendment. It is not disrespectful to question why this power (mostly) exists in civil cases, yet (mostly) does not exist in criminal cases.

Factfinders can make egregious mistakes in all areas of the law, and appellate courts should not take false comfort in the belief that the system always works. The existence of this power was placed in our constitution when the factual-conclusivity clause was written by legislators and approved by citizens who understood that miscarriages of justice unfortunately occur.

The debate on this will not go away.

But I am neither a judge on the court of criminal appeals, nor would I be persuaded that the judgment of conviction in this case was factually insufficient were this court permitted to make such a determination.

I respectfully concur in this court's judgment.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Spain, Poissant, and Wilson (Poissant, J., majority).

Publish — Tex. R. App. P. 47.2(b).