TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00058-CR


NO. 03-97-00059-CR







Steven Washington, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NOS. 0954527 & 0954828, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant guilty of the aggravated sexual assault of two children. Act of May
26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987,
70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021(a)(1)(B)(i),
(a)(2)(B), since amended). The jury assessed punishment in each cause, enhanced by a previous felony
conviction, at imprisonment for thirty years. Appellant contends the evidence is legally and factually
insufficient to sustain the convictions. We will overrule these contentions and affirm.

The complainants are brothers who were three and six years of age at the time of the
offenses. The boys, together with their mother and siblings, lived in their grandmother's house. Appellant,
the boys' uncle, also lived there. The complainants' mother testified that on the day in question, she left
the boys with appellant and their grandmother while she took the other children to visit her mother in
another city. When she returned, the complainants told her that while they were watching television,
appellant and a man named Mike tried to make them smoke a white powder, apparently crack cocaine. 
When the boys refused, they were made to pull down their pants. Then, as Mike held them and covered
their mouths, appellant inserted the crack pipe into each boy's anus. The complainants repeated this story
in their trial testimony.

The crack pipe, which was fashioned from a television antenna, was recovered by the
police. Forensic testing of the pipe revealed no evidence of blood, tissue, or fecal matter, but did confirm
the presence of crack cocaine. A forensic expert testified that while the tests did not confirm that the pipe
was used in the manner described by the complainants, they did not rule out that possibility. 

The boys were examined by Doctor Lauren Kacir, a pediatrician, the day after the assaults. 
Kacir testified that she found no burns, bruising, bleeding, or other sign of injury to either child's anus. She
also testified that she would not expect the pipe to cause an injury when it was inserted because the anus
and rectum are elastic and the pipe was small in diameter. This was also the opinion of Doctor Beth
Nauert, a pediatrician with expertise in child sexual abuse.

Appellant testified that he was not at home on the day the alleged offenses took place and
denied ever abusing the children. Appellant's employer testified that appellant was working with him that
day. The boys' grandmother, who was elderly and hard of hearing, testified that she saw and heard nothing
unusual on the day in question.

In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's argument in support of his legal insufficiency
claim is, in essence, an attack on the credibility of the two complainants. Appellant stresses their youth and
points out certain inconsistencies in their descriptions of the assaults. He notes that the three-year-old
testified that his father was in the house at the time of the assaults, a fact that is concededly not true. 
Appellant also draws attention to the testimony of an investigating police officer, who said the younger boy
appeared to "parrot" his brother's statements. Finally, appellant notes that neither the doctor who
examined the boys nor the forensic specialist who tested the crack pipe found physical evidence that the
assaults occurred. 

The jury was the exclusive judge of the credibility of the witnesses and the weight to give
their testimony, and was free to accept or reject all or any part of the evidence. Miller v. State, 909
S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The boys' testimony, if believed by the jury, was
clearly sufficient to establish each element of the charged offenses beyond a reasonable doubt. Point of
error one, challenging the legal sufficiency of the evidence, is overruled.

When conducting a factual sufficiency review, we do not view the evidence in the light most
favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex.
App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin
1992, pet. ref'd as untimely filed). To support his factual insufficiency claim, appellant again challenges the
complainants' credibility. He also asks the Court to consider the defensive testimony which, if true,
demonstrates that he could not have committed the alleged offenses.

Appellate courts exercise their fact jurisdiction only to prevent a manifestly unjust result. 
We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different
result is more reasonable. Clewis, 922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773 (Tex.
App.--Austin 1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict by finding
error only when the verdict is so against the great weight of the evidence as to be clearly wrong and unjust. 
Reina, 940 S.W.2d at 773. Deference to the jury is particularly appropriate in cases that turn on the
relative credibility of the witnesses, since the appellate court does not have the benefit of watching the
witnesses as they testify.

In these causes, the jury obviously found the complainants to be credible witnesses. While
the medical and scientific evidence did not corroborate the complainants' testimony, neither did it contradict
their testimony. We are not persuaded that the jury's verdict was so against the great weight of the
evidence as to be clearly wrong and unjust. Point of error two is overruled. 


The judgments of conviction are affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 16, 1997

Do Not Publish



stion.

In determining the legal sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Appellant's argument in support of his legal insufficiency
claim is, in essence, an attack on the credibility of the two complainants. Appellant stresses their youth and
points out certain inconsistencies in their descriptions of the assaults. He notes t