TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00597-CR







Jose Flores Bassa AKA Jose Bassa, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,706, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







A jury found appellant Jose Flores Bassa guilty of indecency with a child by contact. See
Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). The district court assessed punishment, enhanced by
two previous felony convictions for aggravated sexual assault of a child, at imprisonment for life. We will
affirm the district court's judgment.

Appellant contends the evidence is legally and factually insufficient to sustain his conviction. 
In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether,
after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). In a factual sufficiency review, the evidence is not viewed in the light most
favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex.
App.--Austin 1992, no pet.). A verdict will be set aside for factual insufficiency only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin
1992, pet. ref'd as untimely filed).

The complainant, who was ten at the time of trial, testified that during the previous year she
often spent the night with appellant's two daughters. On several occasions, appellant entered the bathroom
while she was showering, told her she needed to shave, and then shaved her genital area with a razor. She
testified:


Q. Did you ask him to do that?


A. No.


Q. He'd just come in and do that?


A. Yeah.


Q. What else would he do?


A. He would take me into the room and, you know, put powder on me where my
monkey[ (1)] is and he would like tell me to be quiet and not make no noise and he would
shut the curtain on where it was hanging, the door, he would tell me to be quiet and he
would shut the door.


Q. How would he put the powder on you . . . ?


A. He would make me spread my legs open and lay on the bed and he would rub his
finger or his hands and put powder on.


Q. Where was he rubbing you?


A. My monkey or my private.


Q. And was that before? Did he rub you with the powder, was that before or after he
shaved you?


A. That would be after he shaved me.



The complainant also testified that appellant sometimes told her she had a rash on her
genitals and would powder her for that reason. Appellant's daughter testified that she once saw appellant
shaving the complainant's genital area. Another child testified that she saw appellant enter the bathroom
while the complainant was showering and heard him tell her that she needed to shave. This witness also
was present when the complainant asked appellant's wife to powder her. Appellant said he would do it
and took the girl into another room.

Appellant does not deny engaging in sexual contact with the complainant, but contends the
State failed to prove that he did so with the specific intent to arouse or gratify his sexual desire. Appellant
notes that these events did not take place in some remote place, but in his own residence with other people
present. There was no evidence that he threatened the complainant or made any sexual remarks. There
was no evidence that appellant was physically aroused by his actions. After shaving and powdering the
complainant, appellant engaged in no further contact with her.

In a prosecution for indecency with a child, the requisite intent to arouse or gratify sexual
desire can be inferred from the defendant's conduct and remarks, and from all surrounding circumstances. 
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). Appellant argues that there is less
evidence of lascivious intent in this cause than in McKenzie, a case the Court of Criminal Appeals
considered close. Id. at 215. We disagree. Appellant's stated concern that the nine-year-old complainant
needed to shave and powder her pubic area was unbelievable on its face, and the jury could reasonably
find that it was a pretext for appellant to look at and touch the complainant's genitals. Although other
people were present in the house, appellant and the complainant were always alone in a different room
when the contact took place. When viewed in the light most favorable to the verdict, a rational trier of fact
could find beyond a reasonable doubt that appellant touched the complainant's genitals with the specific
intent to arouse or gratify his sexual desire.

Appellant argues that if the evidence is legally sufficient when viewed most favorably to the
verdict, it is factually insufficient when all the evidence is considered equally. He contends the testimony
that the complainant once complained of a rash and asked to be powdered, and that he stated in front of
his wife that he would powder the girl, proves that appellant's conduct, however ill-advised, was not
sexually motivated. Again, we disagree. Appellate courts exercise their fact jurisdiction only to prevent
a manifestly unjust result. Clewis, 922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773 (Tex.
App.--Austin 1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict by finding
error only when the verdict is so against the great weight of the evidence as to be clearly wrong and unjust. 
Reina, 940 S.W.2d at 773. While there may be evidence suggesting that appellant acted out of some
motive other than sexual gratification, that evidence is not so overwhelming as to render the jury's verdict
clearly wrong or unjust.

The points of error are overruled and the judgment of conviction is affirmed.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 14, 1998

Do Not Publish

1. The complainant testified that she referred to her genital area as her "monkey."


ont-family: CG Times Regular">Q. An