TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00067-CR






Larry Westbrook, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,555, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING 







 A jury found appellant guilty of the offense of delivery of a controlled substance
and assessed punishment at imprisonment for fifteen years. See Texas Controlled Substances Act,
Tex. Health & Safety Code Ann. § 481.112(a) (West Supp. 1999). Appellant brings one point of
error, contending the evidence was factually insufficient to support his conviction. We will
affirm.


Background



 John Moseley, a member of the Killeen Police Department and Central Texas
Narcotics Task Force, Ted Rechloff, of the Milam County Sheriff's Department, and Jack
McDaniel, a captain at the Bartlett Jail, were working together in an undercover drug-buying
operation. They went to a known drug-trafficking location in the town of Cameron in search of
"street-level" dealers. McDaniel drove a car equipped with a videocassette recorder while
Moseley and Rechloff monitored events from a second vehicle.

 McDaniel testified that he went to the location and paid twenty dollars to appellant
for a "rock" of what was later identified as crack cocaine. Appellant handed the rock from his
hand through the open driver's side window to McDaniel's hand. McDaniel then left the scene
and transferred the rock to Rechloff who transported the rock to the Department of Public Safety
for analysis. McDaniel identified appellant as the person who sold him the rock.

 Chris Youngkin, a DPS chemist, described the receipt of the substance from
Rechloff and its return to him. He described the testing procedures for controlled substances. The
substance tested positive for cocaine.


Factual Sufficiency of the Evidence



 When the court of appeals conducts a factual-sufficiency review, the court views
all the evidence equally, including the testimony of defense witnesses and the existence of alternate
hypotheses. The court does not view the evidence in the light most favorable to the prosecution
as it does in legal-sufficiency review. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd untimely filed).

 In his brief, appellant contends that McDaniel's testimony proved that the substance
purchased from appellant could have been contaminated by cocaine from previous unrelated drug
purchases because McDaniel stated that he put the rock in the cupholder in the console of his car
and said that "he had put other drugs in the same console." After stating that he had kept the rock
in his possession until turning it over to Rechloff, McDaniel said he had either kept the rock in
his hand or placed it in a cup holder in the console, where he usually kept such items. He said if
he made more than one purchase, however, he kept those purchases separated. The exchange on
which appellant depends was:


Q: Okay, but -- so, there weren't two drug purchases put together in that holder
is what you're saying?


A: Right.


Q: Have you put other drugs in that holder before?


A: Yes, sir.



This testimony came in the context of McDaniel's tracing the chain of custody of the rock and
describing his standard operating procedure for controlling his undercover purchases. Although
the jury might have drawn an inference that the cocaine found in the rock in question was
contamination resulting from other purchases, it was not compelled to do so. The jury could have
concluded from McDaniel's testimony about separating purchases that he took all necessary
precautions to prevent contamination between different purchases.

 Appellant also contends that the evidence is factually insufficient to support his
conviction because the DPS chemist testified only to the total weight of the rock and to the positive
result of the test for cocaine, but did not testify to the exact weight of cocaine that was in the 
rock. Appellant was indicted for the delivery of a controlled substance, cocaine, of less than one
gram by aggregate weight, including adulterants and dilutants. The State was not required to
quantify the cocaine, adulterants, and dilutants when the weight of the adulterants and dilutants
was not used to increase punishment. See Murray v. State, 864 S.W.2d 111, 117-18
(Tex.App.--Texarkana 1993, pet. ref'd). (1)

 Contrary to appellant's argument, the jury was not compelled to conclude that the
method of transporting the rock and the small amount of cocaine involved meant that appellant had
not delivered a controlled substance. The verdict was not so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust.


Conclusion



 We overrule appellant's only point of error and hold that factually sufficient
evidence supports the jury finding that appellant delivered a controlled substance. We affirm the
judgment of conviction and sentence.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: February 4, 1999

Do Not Publish
1. Further, under the current definitions, which were in effect at the time of the offense,
anything not cocaine was an adulterant or dilutant. See Tex. Health & Safety Code Ann.
§ 481.002(49) (West Supp. 1999); Williams v. State, 936 S.W.2d 399, 405 (Tex. App.--Fort
Worth 1996, pet. ref'd).



2">
 When the court of appeals conducts a factual-sufficiency review, the court views
all the evidence equally, including the testimony of defense witnesses and the existence of alternate
hypotheses. The court does not view the evidence in the light most favorable to the prosecution
as it does in legal-sufficiency review. The court should set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd untimely filed).

 In his brief, appellant contends that McDaniel's testimony proved that the substance
purchased from appellant could have been contaminated by cocaine from previous unrelated drug
purchases because McDaniel stated that he put the rock in the cupholder in the console of his car
and said that "he had put other drugs in the same console." After stating that he had kept the rock
in his possession until turning it over to Rechloff, McDaniel said he had either kept the rock in
his hand or placed it in a cup holder in the console, where he usually kept such items. He said if
he made more than one purchase, however, he kept those purchases separated. The exchange on
which appellant depends was:


Q: Okay, but -- so, there weren't two drug purchases put together in that holder
is what you're saying?


A: Right.


Q: Have you put other drugs in that holder before?


A: Yes, sir.



This testimony came in the context of McDaniel's trac