TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00331-CR







Gary Boswell, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-98-0719-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







Appellant Gary Boswell was indicted for recklessly possessing a firearm on the
grounds of an activity sponsored by a school or educational institution. See Tex. Penal Code Ann.
§ 46.03(a)(1) (West Supp. 2000). A jury found him guilty of the lesser included offense of
recklessly carrying a handgun. See id. § 46.02(a). The jury assessed punishment at incarceration
for six months and a $4000 fine, probated. We will affirm.

Project Graduation is a program designed to give graduating high school seniors
a place to celebrate in a safe, supervised, drug- and alcohol-free environment. Project Graduation
for the San Angelo public high schools was held on May 22, 1998, at a local shopping mall. 
Appellant, the owner of a San Angelo security services firm, was a volunteer assigned to work
as a dealer in the casino games area. He arrived at the mall that night wearing his security
services uniform, including a holstered .357 caliber revolver. The deputy sheriff guarding the
entrance to the mall testified that he admitted appellant with his weapon after appellant indicated
that he was a member of the security detail. Appellant was arrested later that night after it was
determined that he had not been employed or assigned to work security during Project Graduation.

 Appellant moved for an instructed verdict of not guilty after the State rested. He
contends the district court erred by overruling this motion because there was no evidence that the
San Angelo Independent School District sponsored Project Graduation as alleged in the
indictment. This contention is incorrect. A member of the school board testified that the district
sponsored the project. There was also evidence that the school district provided funding and
services to the project. Point of error one is overruled.

Appellant contends the district court erred by authorizing his conviction for
unlawfully carrying a handgun because the jury panel had not been "qualified" on the range of
punishment for the lesser offense during voir dire. Appellant cites no authority that supports this
contention and we are aware of none. We also note that appellant did not object to submission
of the lesser included offense on this or any other ground. Point of error three is overruled.

Next, appellant contends the district court erred by accepting the jury's verdict
convicting him of the lesser offense because it "made no finding on the offense charged," by
which we assume he means the offense alleged in the indictment. The court's charge instructed
the jury to consider the lesser included offense only if it first found or had a reasonable doubt that
appellant was not guilty of the greater alleged offense. A conviction for a lesser included offense
constitutes an acquittal of the greater offense. See Tex. Code Crim. Proc. Ann. art. 37.14 (West
1981). Finding no defect in the jury's verdict, we overrule point of error two.

Points of error five and six challenge the sufficiency of the evidence to support
appellant's conviction for unlawfully carrying a handgun. (1) Both points are concerned with the
application of section 46.15 in this case. See Tex. Penal Code Ann. § 46.15 (West Supp. 2000). 
Section 46.15 provides that section 46.02 does not apply to a person who holds a security officer
commission issued by the Texas Board of Private Investigators and Private Security Agencies if
the person is engaged in the performance of his duties as a security officer and wearing a
distinctive uniform, and if the weapon is in plain view. See id. § 46.15(b)(5). The district court
treated this provision as an exception to the application of section 46.02, and therefore required
the jury to find appellant not guilty of unlawfully carrying a handgun unless the State proved
beyond a reasonable doubt that appellant was not a certified security officer engaged in the
performance of his duties, wearing a distinctive uniform, and carrying his weapon in plain view
on the night in question. See Tex. Penal Code Ann. § 2.02(b) (West 1994).

By point of error five, appellant contends the State failed to prove that he was
reckless "about any risk concerning whether he was in the performance of his duties as a security
guard." We find this contention, for which appellant cites no authority, to be without merit. 
Section 46.15(b)(5) does not require proof of a culpable mental state with respect to the
circumstances giving rise to the exception it creates. Point of error five is overruled.

In point of error six, appellant urges that the district court should have granted his
motion for new trial because "there was substantial evidence to establish" the applicability of the
security officer exception in this case. We construe this point as contending that the jury's failure
to find that the exception applied was against the great weight and preponderance of the evidence. 
See Taylor v. State, 947 S.W.2d 698, 702 (Tex. App.--Fort Worth 1997, pet. ref'd); see also
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual sufficiency review).

The coordinator of Project Graduation testified that when appellant approached her
and volunteered his security services, she informed him that she did not handle security and
referred him to the person who did. The director of security for Project Graduation testified that
he arranged for security to be provided by city and county law-enforcement officers. He testified
further that appellant was not asked or assigned to provide security services or work as a security
guard for Project Graduation. While there was evidence that appellant claimed to be providing
security for Project Graduation, the jury's failure to find that appellant was engaged in the
performance of his duties as a security officer was not against the great weight and preponderance
of the evidence. Point of error six is overruled.

Finally, appellant contends the district court erred by sustaining the State's
objection to the admission in evidence of a letter written to defense counsel by a witness. The
prosecutor stated, without elaboration, that his objection was on the basis of rule 613. Appellant
argues that the referenced rule is the witness exclusion rule that has no application in this context. 
This argument fails to take into account the adoption of the uniform rules of evidence effective
March 1, 1998. Under the rules of evidence in effect now and at the time of appellant's trial, the
witness exclusion rule is rule 614. See Tex. R. Evid. 614. The State properly relied on rule 613,
which provides that a prior statement of a witness which is consistent with the witness's testimony
is generally inadmissible. See Tex. R. Evid. 613(c). The witness testified that the letter was
consistent with his testimony. No error is presented. Point of error four is overruled. 

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Davis;* Justice Davis not participating

Affirmed

Filed: January 21, 2000

Do Not Publish








* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The State contends appellant is estopped from challenging the sufficiency of the evidence
because he did not object to the court's submission of the lesser included offense, citing State v.
Taylor, 818 S.W.2d 778, 780-81 (Tex. Crim. App. 1991). This opinion expressed the views of
only three members of the court and has since been overruled in part. See Moore v. State, 969
S.W.2d 4, 9-10 (Tex. Crim. App. 1998). At issue in Taylor was the unique relationship between
murder and the former offense of voluntary manslaughter. When this context is considered, the
opinion does not support the proposition for which it is cited by the State.



ulpable mental state with respect to the
circumstances giving rise to the exception it creates. Point of error five is overruled.

In point of error six, appellant urges that the district court should have granted his
motion for new trial because "there was substantial evidence to establish" the applicability of the
security officer exception in this case. We construe this point as contending that the jury's failure
to find that the exception applied was against the great weight and preponderance of the evidence. 
See Taylor v. State, 947 S.W.2d 698, 702 (Tex. App.--Fort Worth 1997, pet. ref'd); see also
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual sufficiency review).

The coordinator of Project Graduation testified that when appellant approached her
and volunteered his security services, she informed him that she did not handle security and
referred him to the person who did. The director of security for Project Graduation testified that
he arranged for security to be provided by city and county law-enforcement officers. He testified
further that appellant was not asked or assigned to provide security services or work as a security
guard for Project Graduation. While there was evidence that appellant claimed to be providing
security for Project Graduation, the jury's failure to find that appellant was engaged in the
performance of his duties as a security officer was not against the great weight and preponderance
of the evidence. Point of error six is overruled.

Finally, appellant contends the district court erred by sustaining the State's
objection to the admission in evidence of a letter written to defense counsel by a witness. The
prosecutor stated, without elaboration, that his objection was on the basis of rule 613. Appellant
argues that the referenced rule is the witness exclusion rule that has no application in this context. 
This argument fails to take into account the adoption of the uniform rules of evidence effective
March 1, 1998. Under the rules of evidence in effect now and at the time of appellant's trial, the
witness exclusion rule is rule 614. See Tex. R. Evid. 614. The State properly relied on rule 613,
which provides that a prior statement of a witness which is consistent with the witness's testimony
is generally inadmissible. See Tex. R. Evid. 613(c). The witness testified that the letter was
consistent with his testimony. No error is presented. Point of error four is overruled. 

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Davis;* Justice Davis not participating

Affirmed

Filed: January 21, 2000

Do Not Publish








*