TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00181-CR







John W. Prewitt, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 419502, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







A jury found appellant guilty of driving while intoxicated. See Tex. Penal Code
Ann. § 49.04 (West Supp. 2000). The court assessed punishment at incarceration for 300 days
and a $100 fine. We will affirm.

An Austin police officer testified that she stopped the car driven by appellant after
she saw him weave from lane-to-lane. See Tex. Transp. Code Ann. § 545.060 (West 1999). 
Based on her observations following the stop, the officer arrested appellant for driving while
intoxicated. At trial, the passenger in appellant's car testified that appellant committed no traffic
offense. Because an issue as to legality of the initial traffic stop was raised, the court's jury
charge included an article 38.23 instruction. See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West Supp. 2000) (unlawfully seized evidence shall not be considered). In his first point of
error, appellant contends this instruction, to which he did not object, was egregiously erroneous
for the same reason as was the charge in Hutch v. State, 922 S.W.2d 166 (Tex. Crim. App.
1996). 

In Hutch, a prosecution for possession of cocaine grew out of a traffic stop for
failing to wear seat belts. The defendant testified at trial that he and the other person in the car
were wearing seat belts. The jury charge included an article 38.23 instruction, but the instruction
was erroneously worded. The instruction told the jury that the stop was unlawful, and that the
evidence seized should not be considered, if the jury found that the occupants of the car were not
wearing their seat belts. See Hutch, 922 S.W.2d at 169. Thus, if the jury found that the
occupants of the car were wearing their seat belts as the defendant testified, the stop was lawful
and the evidence could be considered. The court of criminal appeals found this charge error, to
which there was no trial objection, egregiously harmful under the circumstances. See id. at 174.

In this cause, the article 38.23 instruction told the jury that if appellant "did not fail
to drive within a single marked lane," the stop was unlawful and the evidence obtained should be
disregarded. A careful comparison of this instruction with the instruction in Hutch will confirm
that the instruction here was correct. In this cause, the stop was lawful if appellant failed to drive
in a single lane; the stop was unlawful if he did not fail to drive in a single lane. This is precisely
what the instruction said. Point of error one is overruled.

Appellant was videotaped at the police station following his arrest. He contends
the videotape is factually insufficient to support a finding of intoxication. The videotape is not,
however, the only evidence of guilt. The arresting officer testified to appellant's deficient driving
and to the odor of marihuana and alcoholic beverage she detected about him following the stop. 
She also mentioned appellant's slurred speech, impaired balance, and hostile manner; his failure
to satisfactorily perform certain field sobriety tests; and his refusal to take a breath test. The
officer testified that, in her opinion, appellant did not have the normal use of his mental and
physical faculties due to intoxication. On this record, the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed). Point of error two is overruled.

Appellant contends the court erroneously overruled his objection to what he says
was extraneous offense evidence. The record reflects, however, that appellant did not pursue this
objection to an adverse ruling. Nothing is presented for review. See Tex. R. App. P. 33.1(a)(2). 
Point of error three is overruled.

Next, appellant contends the court erroneously admitted "extraneous insufficient
evidence of flight." Appellant's brief contains no argument or citation to authority in support of
this contention. See Tex. R. App. P. 38.1(h). Flight is admissible as evidence of guilt. See
Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994); Mayhue v. State, 969 S.W.2d 503,
508 (Tex. App.--Austin 1998, no pet.). Point of error four is overruled.

Finally, appellant complains of the prosecutor's reference, during his opening
statement, to the eight-month delay in trial that resulted from appellant jumping bail. Appellant
contends this was a "prejudicial accusation of trial delay," again without citing authority. The
prosecutor was entitled to tell the jury in his opening statement what the State intended to prove. 
As noted above, evidence appellant sought to avoid prosecution was admissible as tending to show
an awareness of guilt. No reversible error is presented. Point of error five is overruled.

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Do Not Publish



for possession of cocaine grew out of a traffic stop for
failing to wear seat belts. The defendant testified at trial that he and the other person in the car
were wearing seat belts. The jury charge included an article 38.23 instruction, but the instruction
was erroneously worded. The instruction told the jury that the stop was unlawful, and that the
evidence seized should not be considered, if the jury found that the occupants of the car were not
wearing their seat belts. See Hutch, 922 S.W.2d at 169. Thus, if the jury found that the
occupants of the car were wearing their seat belts as the defendant testified, the stop was lawful
and the evidence could be considered. The court of criminal appeals found this charge error, to
which there was no trial objection, egregiously harmful under the circumstances. See id. at 174.

In this cause, the article 38.23 instruction told the jury that if appellant "did not fail
to drive within a single marked lane," the stop was unlawful and the evidence obtained should be
disregarded. A careful comparison of this instruction with the instruction in Hutch will confirm
that the instruction here was correct. In this cause, the stop was lawful if appellant failed to drive
in a single lane; the stop was unlawful if he did not fail to drive in a single lane. This is precisely
what the instruction said. Point of error one is overruled.

Appellant was videotaped at the police station following his arrest. He contends
the videotape is factually insufficient to support a finding of intoxication. The videotape is not,
however, the only evidence of guilt. The arresting officer testified to appellant's deficient driving
and to the odor of marihuana and alcoholic beverage she detected about him following the stop. 
She also mentioned appellant's slurred speech, impaired balance, and hostile manner; his failure
to satisfactorily perform certain field sobriety tests; and his refusal to take a breath test. The
officer testified that, in her opinion, appellant did not have the normal use of his mental and
physical faculties due to intoxication. On this record, the jury's verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as un