TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00164-CR







Kenneth Earl Moore, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0980466, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







A jury found appellant Kenneth Earl Moore guilty of retaliation. See Tex. Penal
Code Ann. § 36.06 (West Supp. 2000). The jury assessed punishment at imprisonment for ten
years and a $2000 fine, and recommended that appellant be placed on community supervision. 
The district court rendered judgment accordingly. We will affirm.

The sole issue on appeal is whether the evidence is legally sufficient to sustain the
guilty verdict. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 

The indictment alleged and the jury found that appellant "intentionally [or]
knowingly harm[ed] . . . James Keahey . . . by operating a motor vehicle and striking another
motor vehicle occupied by James Keahey, in retaliation for [or] on account of the service of the
said James Keahey as a witness [or] a prospective witness [or] a person who had reported the
occurrence of a crime." See Penal Code § 36.06(a)(1). Keahey represented appellant's wife in
her divorce from appellant. Keahey testified that in October 1995, following a hearing in the
divorce action, appellant tripped Keahey in the courthouse, cursed him, and threatened to beat him
up. Keahey reported this incident to a deputy sheriff. In August 1996, Keahey had a second
encounter with appellant, this time in a grocery store. Appellant struck Keahey with a shopping
cart, pinning him against the store shelves. Once again, appellant cursed and threatened Keahey. 
As a result of Keahey's report of the second incident, appellant was arrested for retaliation and
released on bond.

The incident giving rise to this prosecution took place two months later, in October
1996. Keahey was driving on Ranch Road 620 when he was passed by a van, which then slowed
to about five miles-per-hour. Keahey attempted to pass the van, but it repeatedly swerved in front
of Keahey to prevent him from passing. Keahey eventually realized that the van belonged to
appellant. Both vehicles came to a stop at a stop sign, with Keahey about three car-lengths behind
appellant. Suddenly, appellant began to rapidly back up. The van struck Keahey's car with such
force as to lift the rear of the van onto the hood of Keahey's vehicle. Appellant then drove
forward and stopped, got out of his car, and walked toward Keahey. Keahey, believing that
appellant had caused the accident as an excuse to assault him, seized a pistol he had recently
purchased and pointed it at appellant. A witness intervened at this point, and appellant got back
in his van and drove away. The witness, Richard Stemler, testified for the State and confirmed
Keahey's account.

Defense witnesses contradicted each point of the State's case. Appellant's attorney 
testified that he left the October 1995 hearing with appellant, and that appellant neither tripped
Keahey nor threatened him. Lois Bishop testified that she was in the grocery store in August
1996 when she saw a man "screaming things to [appellant] like I will get you, you will pay for
that, you SOB." Cynthia Hulsey testified that she was in the van with appellant on Ranch Road
620 in October 1996, that Keahey rammed the rear of appellant's van with his car, and that
Keahey then brandished a pistol and threatened to kill appellant.

Appellant's argument on appeal is summarized in this paragraph from his brief.


There is an abundance of evidence that if Appellant engaged in the conduct
charged, there were many other reasons for his doing so, reasonable alternative
hypotheses which raise a reasonable doubt such that, after reviewing the evidence
in the light most favorable to the verdict, a rational trier of fact could not have
found beyond a reasonable doubt that Appellant engaged in the charged conduct,
if he did, "in retaliation for or on account of (complainant') service as a witness
or a prospective witness or a person who had reported the occurrence of a crime."



The reasonable alternative hypothesis construct is no longer used as a method of
appellate review in legal sufficiency cases. See Geesa, 820 S.W.2d at 161. The jury was the
exclusive judge of the credibility of the various witnesses and the weight to give their testimony,
and was free to accept or reject all or any part of the evidence. See Bonham v. State, 680 S.W.2d
815, 819 (Tex. Crim. App. 1984); Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin
1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Viewing all the evidence
in the light most favorable to the jury's verdict, a rational trier of fact could find beyond a
reasonable doubt that appellant intentionally harmed Keahey by striking his car in retaliation for
Keahey reporting the earlier assault in the grocery store.

Although appellant's point of error is stated as a challenge to the legal sufficiency
of the evidence, he also urges at one point that the evidence is factually insufficient. A factual
sufficiency review asks whether a neutral review of all the evidence, both for and against the
finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed
by contrary proof as to undermine confidence in the jury's determination. See Johnson v. State,
No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may be set aside only if
a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed). Applying this standard of review to the facts
before us, we find the evidence to be factually sufficient to sustain the verdict.

The point of error is overruled and the judgment of conviction is affirmed.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 13, 2000

Do Not Publish



the rear of the van onto the hood of Keahey's vehicle. Appellant then drove
forward and stopped, got out of his car, and walked toward Keahey. Keahey, believing that
appellant had caused the accident as an excuse to assault him, seized a pistol he had recently
purchased and pointed it at appellant. A witness intervened at this point, and appellant got back
in his van and drove away. The witness, Richard Stemler, testified for the State and confirmed
Keahey's account.

Defense witnesses contradicted each point of the State's case. Appellant's attorney 
testified that he left the October 1995 hearing with appellant, and that appellant neither tripped
Keahey nor threatened him. Lois Bishop testified that she was in the grocery store in August
1996 when she saw a man "screaming things to [appellant] like I will get you