TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00630-CR







Samuel Douglas Land, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-076, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING







Appellant Samuel Douglas Land pleaded guilty to possessing more than 28 grams
but less than 200 grams of diazepam, clonazepam, alprazolam, and triaolam. See Tex. Health &
Safety Code Ann. § 481.117(a), (c) (West Supp. 2000). The district court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, placed appellant on
deferred adjudication community supervision for five years. We will affirm.

Appellant's first point of error is that his conviction is against the overwhelming
weight of the evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual
sufficiency review). We begin by noting that appellant has not been convicted; adjudication of
guilt was deferred. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2000). We
further note that appellant does not appear to have the trial court's permission to raise this issue
on appeal. See Tex. R. App. P. 25.2(b)(3)(C).

We find this contention to be meritless in any case. Appellant's guilty plea and
judicial confession are legally sufficient to sustain the court's finding that the evidence
substantiates appellant's guilt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v.
State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (test for legal sufficiency); see also
Stone, 823 S.W.2d at 381 (factual sufficiency review presupposes legal sufficiency). In his brief,
appellant states that he presented evidence that he was an "ultimate user" within the meaning of
the ultimate user exception to the Controlled Substances Act. See Tex. Health & Safety Code
Ann. § 481.062(a)(3) (West Supp. 2000); see also Wright v. State, 981 S.W.2d 197, 200-01 (Tex.
Crim. App. 1998) (discussing ultimate user exception). It appears appellant is referring to his
pretrial motion to dismiss the prosecution. Appellant's motion to dismiss was overruled without
a hearing and was not introduced in evidence. Contrary to a statement in appellant's brief, he did
not testify. The police offense report introduced in evidence by the State reflects that receipts
from a Mexican pharmacy were seized with the controlled substances, but there is no evidence
that the substances were obtained for appellant's personal use pursuant to a valid prescription or
that they were brought into the United States in accordance with federal law. See Wright, 981
S.W.2d at 201. There being no evidence contradicting appellant's guilty plea and confession, the
district court's conclusion that the evidence substantiates appellant's guilt was not manifestly
unjust. Point of error one is overruled.

Appellant's remaining point of error asserts that federal law preempts the
application of the Controlled Substances Act in this case. Appellant asserts that he purchased the
controlled substances in Mexico pursuant to a prescription from a Mexican physician, and that he
lawfully brought them into this country under federal law. See 21 U.S.C.A. §§ 844, 956 (West
1999); 21 C.F.R. § 1301.26 (1999). Appellant's argument is that Texas cannot criminalize the
possession of a controlled substance if that possession is authorized by federal law.

Once again, the notice of appeal does not reflect that appellant has the trial court's
permission to raise this issue. See Tex. R. App. P. 25.2(b)(3)(C). Moreover, appellant's
contention is without evidentiary foundation. As previously stated, there is no evidence that
appellant's possession was lawful under federal law or that he was entitled to the benefit of the
ultimate user exception under state law. Point of error two is overruled.

The order deferring adjudication is affirmed. (1)



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 18, 2000

Do Not Publish
1. The State's motion to dismiss the appeal is overruled.



court found that the evidence
substantiated appellant's guilt and, pursuant to a plea bargain agreement, placed appellant on
deferred adjudication community supervision for five years. We will affirm.

Appellant's first point of error is that his conviction is against the overwhelming
weight of the evidence. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone
v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed) (factual
sufficiency review). We begin by noting that appellant has not been convicted; adjudication of
guilt was deferred. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2000). We
further note that appellant does not appear to have the trial court's permission to raise this issue
on appeal. See Tex. R. App. P. 25.2(b)(3)(C).

We find this contention to be meritless in any case. Appellant's guilty plea and
judicial confession are legally sufficient to sustain the court's finding that the evidence
substantiates appellant's guilt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v.
State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (test for legal sufficiency); see also
Stone, 823 S.W.2d at 381 (factual sufficiency review presupposes legal sufficiency). In his brief,
appellant states that he presented evidence that he was an "ultimate user" within the meaning of
the ultimate user exception to the Controlled Substances Act. See Tex. Health & Safety Code
Ann. § 481.062(a)(3) (West Supp. 2000); see also Wright v. State, 981 S.W.2d 197, 200-01 (Tex.
Crim. App. 1998) (discussing ultimate user exception). It appears appellant is referring to his
pretrial motion to dismiss the prosecution. Appellant's motion to dismiss was overruled without
a hearing and was not introduced in evidence. Contrary to a statement in appellant's brief, he did
not testify. The police offense report introduced in evidence by the State reflects that receipts
from a Mexican pharmacy were seized with the controlled substances, but there is no evidence
that the substances were obtained for appellant's personal use pursuant to a valid prescription or
that they were brought into the United States in accordance with federal law. See Wright, 981
S.W.2d at 201. There being no evidence contradicting appellant's guilty plea and confession, the
district court's conclusion that the evidence substantiates appellant's guilt was not manifestly
unjust. Point of error one is overruled.

Appellant's remaining point of error asserts that federal law preempts the
application of the Controlled Substances Act in this case. Appellant asserts that he purchased the
controlled substances in Mexico pursuant to a prescription from a Mexican physician, and that he
lawfully brought them into this country under federal law. See 21 U.S.C.A. §§ 844, 956 (West
1999); 21 C.F.R. § 1301.26 (1999). A