TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00446-CR






Ernest Christopher Aldridge, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 98R-043, HONORABLE DAN R. BECK, JUDGE PRESIDING







A jury found appellant Ernest Christopher Aldridge guilty of intentionally or
knowingly causing serious bodily injury to a child and assessed punishment at imprisonment for
seventy years. (1) See Tex. Penal Code Ann. § 22.04 (West Supp. 2000). Appellant contends the
evidence is legally and factually insufficient to prove that a crime was committed. He further
contends that if an offense was committed, the evidence is legally and factually insufficient to
prove that he was the guilty party. We will overrule these contentions and affirm.

Appellant lived with Holly Ann Anderson and her two sons in a house trailer in
rural Fayette County. Around 3:30 on the afternoon of June 9, 1998, while appellant was taking
a nap, Anderson heard two-year-old Isiah scream. She rushed to the children's bedroom, where
Isiah was crying. Three-year-old Derren did not respond when asked by his mother what had
happened. A short time later, Anderson showered and prepared to go to work. Before leaving,
she noticed swelling above one of Isiah's ears and made an ice pack at appellant's suggestion. 
Upon her return from work that night, Isiah's head was severely swollen. She immediately took
him to the emergency room at Smithville Hospital.

Dr. Keith Green examined Isiah in the emergency room and observed three
injuries: the left eye was bruised and swollen shut, the right ear was bruised and swollen, and the
lower neck was bruised. Green testified that each injury appeared to have been inflicted
individually by a blunt object without sharp edges, such as a hand. Green considered the injuries
serious because the force required could have resulted in retinal damage or intracranial bleeding. 
Green arranged to have the child transferred to Brackenridge Hospital in Austin.

Anderson told Deputy Sheriff Jeffery Head that she believed her older son had
closed a door on Isiah's head. Both Head and Dr. Green testified that the injuries to the boy's
head could not have been caused in such a manner. Head took photographs of the child's injuries
that were introduced in evidence. In these photographs, the left eye is blue and swollen shut and
the right ear is swollen.

Child Protective Services caseworker Randy McReynolds saw Isiah at Brackenridge
Hospital on the afternoon of June 10. McReynolds testified that Isiah's injuries were "the worst
injuries to a child's face and head that I have seen." McReynolds also took photographs that were
introduced in evidence. In these photographs, Isiah's injuries appear much more serious than they
do in the photographs taken by Head twelve hours earlier. Both eyes are black and swollen shut. 
Each side of the face is bruised, and the bruising of the right ear is more pronounced. Another
bruise covers the back of the boy's neck.

McReynolds interviewed Isiah's brother Derren and asked him if he knew how
Isiah was injured. McReynolds testified that Derren told him "the Defendant had spanked [Isiah]
on the head." Derren, four-years-old at the time of trial, testified that appellant "slapped [Isiah's]
face." Derren did not indicate when this spanking or slapping took place.

Head spoke to appellant at the trailer on the morning of June 10, but appellant
declined to make a statement. Later that day, appellant told McReynolds that he held an ice pack
to Isiah's head for three hours after Anderson left for work. A neighbor, Angela Baker, gave
appellant a ride to Bastrop on June 10. Appellant did not mention Isiah's injury or make a
comment as they passed Smithville Hospital. Thereafter, investigators were unable to locate
appellant until June 21, when he was found in the Travis County Jail.

Appellant contends the evidence is legally insufficient to prove the corpus delicti;
that is, to prove that the injuries to Isiah were the result of a criminal act. See Johnson v. State,
673 S.W.2d 190, 195 (Tex. Crim. App. 1984). Appellant argues:


The testimony of Holly Anderson . . . established that something occurred while
the Appellant was asleep to injure Isiah Anderson and cause him to scream. Ms.
Anderson discovered a bump on his head and about an hour later noticed that his
head was swelling. . . . When she returned home hours later after getting off
work, she discovered that the swelling was worse and took Isiah to the emergency
room. Other than this evidence, the State primarily relied on evidence indicating
that while Ms. Anderson was at work the Appellant was the only adult with the
child inside the mobile home. Clearly, this evidence raises the reasonable
hypothesis that some event not involving the Appellant caused injuries to the
child's head.

The "reasonable-alternative analytical construct" on which appellant relies, and on
which the Johnson court rested its opinion, is no longer used to determine the legal sufficiency
of circumstantial evidence to support a conviction. See Geesa v. State, 820 S.W.2d 154, 161
(Tex. Crim. App. 1991). The evidence in a criminal prosecution, circumstantial or otherwise,
is legally sufficient to support a conviction if, when viewed in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614
S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

Viewing the evidence here in the light most favorable to the verdict, Isiah's
condition when he arrived at Smithville Hospital cannot be attributed solely to the bump on the
head he received on June 9 before Anderson left for work. Dr. Green testified that Isiah received
at least three separate and "fairly severe" blows to the head. The doctor added that the swelling
from these blows would have begun almost immediately. Because Anderson saw only a small
bump on Isiah's head before leaving for work, the doctor inferred that the child was injured in
her absence. Green also testified that another child could not have inflicted such injuries, and that
the injuries could not be attributed to Isiah's head being struck by a door. A rational trier of fact
could reasonably infer from this and the other evidence that Isiah's injuries were not accidental
or the result of child's play, but were deliberately inflicted by an adult. We hold that the evidence
is legally sufficient to prove the corpus delicti and overrule point of error one.

The evidence is also legally sufficient to support the jury's finding that appellant
inflicted Isiah's injuries. The evidence supports a finding that Isiah was injured after his mother
left for work on June 9. Because the injuries had to have been inflicted by an adult and because
appellant was the only adult present, the jury could reasonably conclude that appellant
intentionally or knowingly caused serious bodily injury to Isiah by repeatedly striking him on the
head and face. Point of error two is overruled.

Appellant urges that if the evidence is legally sufficient to convict him, it is
nevertheless factually insufficient. In a factual sufficiency review, the evidence is not viewed in
the light most favorable to the verdict. Instead, all the evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. See Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A factual-sufficiency review asks
whether a neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary
proof as to undermine confidence in the jury's determination. See Johnson v. State, No. 1915-98,
slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may be set aside for factual
insufficiency only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Even when the record is viewed neutrally, there is simply no evidence to support
the conclusion that Isiah's injuries were accidental or otherwise the result of a noncriminal act. 
Moreover, it is uncontradicted that the injuries to the child were inflicted by an adult at a time
when the only adult present was appellant. While it is conceivable that Isiah was injured by his
mother or by some other unknown adult, we must maintain appropriate deference to the jury's
verdict by finding error only when the record clearly indicates that the verdict is wrong and
manifestly unjust. See Johnson, slip op. at 13; Reina v. State, 940 S.W.2d 770, 773 (Tex.
App.--Austin 1997, pet. ref'd). The verdict in this cause is not clearly erroneous. Points of error
three and four are overruled.

The district court's judgment is modified to reflect that appellant's trial was before
a jury. As modified, the judgment of conviction is affirmed.



 
 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed: July 27, 2000

Do Not Publish

1. The district court's judgment erroneously states that trial was before the court without a
jury.


ex. Crim. App. 1981).

Viewing the evidence here in the light most favorable to the verdict, Isiah's
condition when he arrived at Smithville Hospital cannot be attributed solely to the bump on the
head he received on June 9 before Anderson left for work. Dr. Green testified that Isiah received
at least three separate and "fairly severe" blows to the head. The doctor added that the swelling
from these blows would have begun almost immediately. Because Anderson saw only a small
bump on Isiah's head before leaving for work, the doctor inferred that the child was injured in
her absence. Green also testified that another child could not have inflicted such injuries, and that
the injuries could not be attributed to Isiah's head being struck by a door. A rational trier of fact
could reasonably infer from this and the other evidence that Isiah's injuries were not accidental
or the result of child's play, but were deliberately inflicted by an adult. We hold that the evidence
is legally sufficient to prove the corpus delicti and overrule point of error one.

The evidence is also legally sufficient to support the jury's finding that appellant
inflicted Isiah's injuries. The evidence supports a finding that Isiah was injured after his mother
left for work on June 9. Because the injuries had to have been inflicted by an adult and because
appellant was the only adult present, the jury could reasonably conclude that appellant
intentionally or knowingly caused serious bodily injury to Isiah by repeatedly striking him on the
head and face. Point of error two is overruled.

Appellant urges that if the evidence is legally sufficient to convict him, it is
nevertheless factually insufficient. In a factual sufficiency review, the evidence is not viewed in
the light most favorable to the verdict. Instead, all the evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. See Orona v.
State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A factual-sufficiency review asks
whether a neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary
proof as to undermine confidence in the jury's determination. See Johnson v. State, No. 1915-98,
slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may be set aside for factual
insufficiency only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1