NO. 07-99-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2000

______________________________

ISIDRO DELGADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF CASTRO COUNTY;

NO. 98-09-B-2550-CR; HONORABLE ED SELF, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In one point of error, appellant Isidro Delgado challenges his conviction of possession of marijuana in an amount greater than 50 pounds and less than 2,000 pounds and the resulting bench-assessed punishment of 15 years confinement in the Institutional Division of the Department of Criminal Justice and a fine of $15,000.  In that point, appellant contends there is no evidence or, in the alternative, insufficient evidence to identify the 71.94 pounds of marijuana in question here as being the same material seized from him.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

Because appellant challenges both the legal and factual sufficiency of the evidence to sustain the conviction, we will consider both challenges.  In considering appellant’s legal sufficiency challenge, we are required to view the evidence in a light most favorable to the prosecution and then determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
See Weightman v. State
, 975 S.W.2d 621, 624 (Tex.Crim.App. 1998); 
Lane v. State
, 933 S.W.2d 504, 507 (Tex. Crim.App. 1996) (
citing
 
Jackson v. Virginia
, 443 U.S. 307, 318-19, 99 S.Ct.2781, 2788-89, 61 L.Ed.2d 560 (1979)).  In considering factual insufficiency challenges, we must view all the evidence without the prism of “in the light most favorable to the prosecution” and only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Clewis v. State, 922 S.W.2d 
126, 129 (Tex.Crim.App. 1996) (
citing Stone v. State
, 823 S.W.2d 375, 381 (Tex.App.--Austin 1997, pet. ref’d untimely filed)).  In performing our review function, we must remember that the trier of fact is the sole judge of the weight and credibility of the testimony, and we must be appropriately deferential so as to avoid substituting our judgment for that of the jury. 
See Santellan v. State, 
939 S.W.2d 155, 164 (Tex.Crim.App. 1997).  We must also bear in mind that a decision is not manifestly unjust because a factfinder has resolved conflicting views of the evidence in favor of the State.  
Cain v. State
, 958 S.W.2d 404, 410 (Tex.Crim.App. 1997).

BACKGROUND

In viewing appellant’s challenges, a brief recitation of the evidence is necessary.  On September 4, 1998, Department of Public Safety (DPS) Trooper Ronald Mann pulled appellant over as a part of a routine traffic stop for speeding.  Appellant was unable to produce a driver’s license.  Appellant engaged in a variety of activities that raised the suspicions of the trooper, including the failure to roll down his window when requested to do so, being overly talkative, acting nervous and sweating, telling the trooper he was looking for a job in Amarillo when it was a holiday weekend, and volunteering, without being asked, that the van had already been searched in Roswell.  The officer also noted that the interior of the van was extremely messy, with tools, sunflower seeds, and plastic bottles scattered inside and the interior carpet pulled away from all of the panels in the van.  When queried, appellant averred that he did not have any weapons or drugs in the van and the officer could “go ahead and search.”

According to the officer, because appellant was out of state and did not have a driver’s license, he called a wrecker and placed appellant under arrest for not having a driver’s license.  After booking appellant, Mann stepped outside and the wrecker driver told him that “when he was trying to tow it, everything seemed too low on the van.”  In comparing it to another van in the lot, Mann averred that the wrecker driver told him, “[i]t’s different from that one (the other van).  He said, ‘I don’t know how, but somehow it’s different.’”  Noticing that the carpet between the seats was wrinkled, which he said was unusual, Mann and fellow DPS Trooper Brian Keith Smith removed the seats and discovered a false floorboard under one of the seats.  Upon removing the floorboard, the officers discovered the marijuana giving rise to this prosecution. Trooper Mann also testified that he placed the marijuana in the evidence locker, where it stayed until he checked it out and took it to Roy Murphy, a supervisor for the DPS Crime Laboratory for analysis.

Murphy testified three separate times that Trooper Mann brought him a substance which he determined to be 71.94 pounds of useable marijuana.  The marijuana about which he testified was received into evidence as State’s Exhibits 11, 12, and 13.

Trooper Smith testified that he was with Trooper Mann when the substance found in appellant’s van was placed in an evidence locker, where it remained until it was checked out by Trooper Mann for delivery to Murphy for analysis.

Appellant testified that he was asked by some friends to pick the van up and transport it to Amarillo and offered to pay him $300 for doing so.  He was assured by the friends that the van did not have any drugs, but it was needed in Amarillo “real bad.”  They didn’t tell him to whom he would be delivering the van but to be watching and waiting at the entrance to a road in Amarillo designated on a map they had given him.  He admitted he lied when he told Trooper Mann that he was going to Amarillo to look for a job and that he gave Mann permission to search the van.  He denied that he had any knowledge that there were drugs in the van.

Suffice it to say that our review of the evidence satisfies us that the evidence is amply sufficient to sustain the jury’s verdict and that its resolution of the contested fact issues does not shock the conscience nor is it against the overwhelming weight of the evidence. 

Thus, because the evidence is both legally and factually sufficient, appellant’s point is overruled and the judgment of the trial court affirmed.

John T. Boyd

 Chief Justice

Do not publish.