Boot v. SOT



NUMBER 13-00-372-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JEFFREY DEAN BOOT, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


A jury found appellant, Jeffrey Dean Boot, guilty of the offenses of aggravated sexual assault and burglary of a habitation
and assessed his punishment at twenty years imprisonment on the sexual assault and five years imprisonment on the
burglary. In two issues, appellant contends the evidence is legally and factually insufficient to support his convictions. As
this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not recite
them here. See Tex. R. App. P. 47.1.

When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury,
as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is free to accept or reject all
or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). Contradictions or conflicts between the witnesses' testimony do not destroy the
sufficiency of the evidence; rather, they relate to the weight of the evidence, and the credibility the jury assigns to the
witnesses. See Weisinger v. State, 775 S.W.2d 424, 429 (Tex. App.-Houston [14th Dist.] 1989, pet. ref'd). The jury
exclusively resolves conflicting testimony in the record. Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).
A reviewing court may not substitute its conclusions for that of the jury, nor may it interfere with the jury's resolution of
conflicts in the evidence. Id.

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Johnson, 23 S.W.3d at
6-7 (citing Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996)). Under a factual sufficiency review, we are
not bound to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.-Austin 1992, pet. ref'd, untimely filed). Rather, we are free to consider the testimony of all the witnesses. Id. In
performing our review, we are to give "appropriate deference" to the fact finder, but we are authorized to disagree with the
fact finder's determination. Johnson, 23 S.W.3d at 7; Clewis, 922 S.W.2d at 136. 

In his first issue, appellant contends there is no evidence that he penetrated the victim's sexual organ with his finger. In his
second issue, appellant contends the State did not prove beyond a reasonable doubt that he entered the victim's home with
the intent to commit aggravated sexual assault.

Aggravated sexual assault is proven when the State establishes that the defendant intentionally or knowingly caused the
penetration of the female victim's sexual organ by any means, without the victim's consent, and the victim is sixty-five
years of age or older. See Tex. Pen. Code Ann. §§ 22.021 (a)(1)(A)(i), (a)(2)(C) (Vernon Supp. 2001). A person commits
burglary if, without the effective consent of the owner, the person enters a habitation with intent to commit a felony, theft,
or an assault. See Tex. Pen. Code Ann. § 30.02 (a)(1) (Vernon Supp. 2001). (1) 

In this case, the evidence shows that: (1) the victim is a ninety-four year old female; (2) appellant entered the victim's home
by breaking a wooden door which effectively removed the lock from the door and damaged the door jam; (3) appellant
went into the victim's bedroom, partially removed his clothing and got on top of the victim, straddling and hitting her while
trying to force open her legs; (4) appellant pulled up the victim's nightgown, (2) and inserted his finger into her vagina; (5)
during the assault, the victim pulled appellant's hair and beard, and poked him in the eyes in an attempt to get him off of
her; and (6) appellant did not steal or remove anything from the victim's home.

While there is conflicting testimony from the officers at the scene whether or not the victim said she had been penetrated
and whether there were obvious signs of forced entry, the jury was free to believe the testimony of any witness and this
Court will not interfere with the jury's resolution of conflicts in the evidence.

After reviewing the entire record, we hold the evidence is legally and factually sufficient to support the jury's verdict that
appellant committed the offenses of aggravated sexual assault and burglary of a habitation. We overrule appellant's two issues.

The judgment of the trial court is affirmed.




FEDERICO G. HINOJOSA

Justice

Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 28th day of June, 2001.

1. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it
is his conscious objective or desire to engage in the conduct or cause the result." Tex. Pen. Code Ann. § 6.03(a) (Vernon
1994).

2. The victim testified that she was not wearing any underwear.