IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00418-CV

 

Dennis Powell,

                                                                      Appellant

 v.

 

Leon Clements, et al,

                                                                      Appellee

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23107

 



ORDER










 

          Appellant indicated in his docketing
statement that he believed mediation was appropriate for this appeal. 
Appellant then filed a motion to refer this matter to mediation.  The Court
requested a response to the motion from Appellees.  Appellees did not respond
to the Court’s request for a response.  The Court then referred the matter to
mediation.  




          Appellees have now filed an objection
to having this case referred to mediation.  The objection is overruled.

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Objection
overruled

Order
issued and filed August 30, 2006

Do
not publish

 






0;     
   
      Appellant appeals from his conviction for driving while intoxicated, third offense, for
which he was sentenced to five years in the Texas Department of Criminal Justice, Institutional
Division, probated, and a $500.00 fine.
      Appellant appeals on two points of error:
      Point 1: "The evidence is legally insufficient to support the conviction for DWI."
      Point 2: "The evidence is factually insufficient to support the conviction for DWI."
      This court issued an opinion filed February 26, 1997, overruled Appellant's Point 1;
sustained Appellant's Point 2; reversed the judgment; and remanded the cause for a new trial.
      The Court of Criminal Appeals granted a petition for discretionary review, vacated the
judgment of this court, and remanded the case to this court to "re-evaluate appellants point of
error [2] in the light of Cain."
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997) states:
We delineated the proper standard of review for the courts of appeals to apply in
reviewing factual sufficiency grounds in Clewis v. State, 922 S.W.2d 126 (Tex. Crim.
App. 1996). In reviewing factual sufficiency of the elements of the offense, the court
of appeals "views all the evidence without the prism of 'in the light most favorable to
the prosecution' and sets aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust." Clewis at 129. In Clewis
this court discussed three major principles to guide courts of appeals when conducting
a factual sufficiency review.
 
First is the principle of deference to jury findings. . . . In Clewis we explained that
appellate courts should only exercise their fact jurisdiction to prevent a manifestly
unjust result; those courts are not free to re-weigh the evidence and set aside a jury
verdict merely because the judges feel that a different result is more reasonable. 
Clewis at 135. . . . A court of appeals may not reverse a jury's decision simply
because it disagrees with the result; the appellate court must defer to jury findings and
may find the evidence factually insufficient only where necessary to prevent manifest
injustice.
 
Second, courts of appeals must support a finding of factual insufficiency by providing
a detailed explanation of that finding so that this court can ensure that the appellate
court accorded the proper deference to the jury finding. Clewis at 135. . . . We
explained that where a court of appeals reverses a lower court decision on factual
sufficiency grounds, it should detail the evidence relevant to the issue in consideration
and clearly state why the jury’s finding is factually insufficient . . . as to be manifestly
unjust; why it shocks the conscience; or clearly demonstrates bias. Further those
courts, in their opinions, should state in what regard the contrary evidence outweighs
the evidence in support of the verdict. Clewis at 135.
 
Third, the standard of review for factual insufficiency states that courts of appeals
must review all the evidence. This differs from a legal sufficiency review where the
court of appeals considers only the evidence that supports the verdict. The court of
appeals must consider the evidence as a whole, not viewing it in the light most
favorable to either party.

      Clewis further states: In consideration of a factual sufficiency review, an appellate court
reviews the factfinder’s weighing of the evidence and is authorized to disagree with the
factfinder’s determination. This review, however, must be appropriately deferential so as to
avoid an appellate court substituting its judgment for that of the jury. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996).
      The court of appeals avoids substituting its judgment for that of the factfinder by
remanding the cause for a new trial. Id. at 133-134.
      About 11:00 p.m. on April 2, 1994, Dallas Firefighter Farrell investigated a parked car in
the middle of the road on Military Parkway. Farrell testified that appellant was slumped over
the steering wheel and passed out; that he smelled of alcohol; noticed beer cans in the back
seat; and that he summoned the police.
      Officer Johnson arrived at the scene about 11:15 p.m. Johnson testified he believed
Appellant to be intoxicated; had alcohol on his breath; had slurred speech and an unsteady
stance. Johnson arrested Appellant and transported him to the Lew Sterrett Justice Center
where Appellant refused to submit to blood and breath tests, but was videotaped within forty
minutes after his arrest. The video tape is in evidence.
      Appellant denied that he was intoxicated; he testified he had spent the day at a recreation
center producing a talent show for children; that he left the center at 9:00 p.m. with a friend,
Emil Thompson, and went to a car wash where he washed his car and drank one beer; that he
left the car wash to go to a friend’s house and had stopped his car to look at his Mapsco and
was leaning forward when Farrell opened his car door and asked him if he had been drinking. 
He further testified that Officer Johnson arrived and asked him if he had been drinking and if
he had any warrants; that he replied he had one beer and did have a probation violation warrant
for DWI.
      Emil Thompson testified he was with Appellant until 9:45 p.m.; that Appellant drank one
can of beer at the car wash; that Appellant was not intoxicated; that Appellant took some
medication during the evening; that he noticed Appellant’s nose was running but he was not
“woozy.” Additional evidence will be recited in our discussion of Appellant’s points.
      Trial was before the judge without a jury. The judge found Appellant guilty and sentenced
him to five years in prison, probated, and a $500 fine.
      Point 2: “The evidence is factually insufficient to support the conviction for driving while
intoxicated.”
      For conducting a review of the factual sufficiency of the evidence, this court views all the
evidence without the prism, “in the light most favorable to the prosecution,” and should set
aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 377 (Tex. App.—Austin 1992); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App.
1997). Under the Clewis, Stone and Cain standard, we consider the evidence of defense
witnesses and the existence of alternative hypotheses.
      Farrell testified appellant “seemed to be intoxicated.”
            Q.  But you do not know for sure?
            A.  No sir.
            Q.  It’s just an assumption on your part?
            A.  Yes sir.
      Farrell further testified, “I remember seeing beer cans, I believe in the back seat,” and
that “there were no open containers in the front compartment of the car.”
      Officer Johnson testified that he noticed the strong smell of alcohol on [Appellant’s]
breath; he had a very unsteady stance; he did not believe [Appellant] had the normal use of his
physical faculties; his speech was slurred and he seemed disoriented. He [Johnson] thought the
cause was alcohol; and that Appellant refused both the breath and blood tests. Johnson did not
see any beer cans in Appellant’s car.
      Appellant admitted he had one beer, thus accounting for the smell of alcohol. This was
substantiated by witness Thompson. There is no evidence Appellant drank more than one
beer. While Farrell believed he saw beer cans in the back of Appellant’s car, Officer Johnson
saw no beer cans. Appellant testified that no beer cans were present in his automobile. None
were introduced in evidence even though the vehicle was impounded by the police; hence,
under police control where it could have been searched and an inventory of its contents
photographed. Consumption of alcohol alone does not mandate a conclusion of intoxication.
      Officer Johnson noticed slurred speech, disorientation and an unsteady stance. Appellant
testified he had worked since early in the morning putting together a show for children at a
recreation center and he was weary. It was late at night. Appellant was distressed, believing
his warrant had caught up with him. He testified he was suffering from sinus difficulties and
had taken Nyquil for that problem earlier in the evening. Officer Johnson testified Appellant
could not pass some simple “field sobriety” tests, i.e., that he recited the alphabet but ended in
“TUZ” and stated he could not count backward from 38 to 22. This testimony was disputed
by Appellant.
      Finally, this court has viewed State’s Exhibit 1, the video tape taken of Appellant less than
forty minutes after his arrest. The video tape fails to demonstrate that Appellant was
intoxicated and fails to demonstrate that Appellant was mentally or physically impaired. On
the video tape Appellant was cooperative with the officers, spoke clearly, and was able to
follow directions. He did not stumble, fall down or appear in any way disoriented. He recited
the alphabet without error. He counted backwards from 38 to 22 with only one error. The
video tape demonstrated that Appellant was not intoxicated. From all the evidence, we hold
that a finding of intoxication is so against the great weight and preponderance as to be unjust
and manifestly wrong. And given that the State’s burden of proof at trial “was beyond a
reasonable doubt,” our review of the evidence, both for and against the finding, convinces us
that the verdict is clearly wrong and unjust.
      Point two is sustained.
      The judgment is reversed and the cause remanded for a new trial.


                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
      Justice Gray (Dissenting opinion)
Reversed and remanded
Opinion delivered and filed March 22, 2000
Publish